**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------------------------X
Kendra Harris,

              Plaintiff,             **COMPLAINT AND**
                                                                **JURY DEMAND**
      -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,     **16-CV-1214**
POLICE OFFICER SHARTISIA LEWIS, DETECTIVE VANESSA
CARPENTER and POLICE OFFICERS JOHN/JANEDOE # 1 through
approximately # 10, the names being fictitious and presently unknown, in their
individual and official capacities as employees of the New York City Police
Department,
              Defendants.
-----------------------------------------------------------------------------------------------X

The Plaintiff, Kendra Harris by her attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, Police Officers Lewis and Carpenter and Police Officers John/Jane Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

### VENUE

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is a judicial district in which events or omissions giving rise to the claim occurred, and because defendants Lewis and Carpenter are assigned to Precincts in Kings County, New York, within the confines of the Eastern District of New York.

### NOTICE OF CLAIM

4. A notice of claim was duly filed with the City of New York within the relevant statutory period, a 50-hearing has occurred, more than 30 days have elapsed since such filing, and the City has inadequately offered to settle Plaintiff's state law claims.

### PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. At all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, defendants Lewis and Carpenter and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiff is a 23 year old working single mother with no criminal record.

12. After 30 hours of being falsely incarcerated Plaintiff was let out a side door of Brooklyn Central Booking.

13. There was no reason for Plaintiff's detainer. No arrest was ever processed, nor were any charges ever filed against her.

14. During her unlawful detainer Plaintiff was denied food, drink, and a phone call, while she observed that the males in the precinct pens she were fed and allowed phone calls.

15. During her unlawful detainer Plaintiff was paraded through the precinct while male officers made obscene comments about her within earshot, catcalled her, and accused her of being a prostitute.

16. During her unlawful detainer Plaintiff was forced to watch another female arrestee being strip-searched to increase her fear and humiliation because she was informed she would be next.

17. During her unlawful detainer Plaintiff was treated like an animal, forced to strip naked in front of cameras that were being watched by the male officers in the precinct as well as other arrestees. She was forced to expose her vagina in public while she was forced to squat, despite her repeated requests for privacy.

18. When Plaintiff was taken to Central Booking she was forced to spend the night there.

19. When Plaintiff went back to the precinct to retrieve her property, the police refused to give her her cellphone and in addition her AMC movie card was missing from her wallet and in addition her wallet was ripped and damaged.

20. As evidenced by her Voucher (*see* Exhibit 1, attached), the police admitted they took her cellphone charger, which is consistent with my client's allegations that her phone was also taken along with her charger.

## FIRST CAUSE OF ACTION
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

21. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

22. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

23. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

24. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

25. There is indication that the actions of the arresting officers in this case were the result of misogyny and racial animus.

## SECOND CAUSE OF ACTION
### (MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

26. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

27. Defendant CITY OF NEW YORK is liable for the damages suffered by Plaintiff as a result of the conduct of its employees, agents, and servants.

28. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

29. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

30. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

31. Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

32. Defendants subjected Plaintiff to false arrest and false imprisonment.

33. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

34. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

35. Defendants arrested Plaintiff subjecting her to false arrest, imprisonment and deprivation of liberty without probable cause.

36. That as a result of the foregoing, Plaintiff has been deprived of her following rights, privileges and immunities secured her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

37. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

38. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

39. Defendants subjected her to false arrest, imprisonment and deprivation of liberty without probable cause.

40. That as a result of the foregoing, Plaintiff has been deprived of her following rights, privileges and immunities secured her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiff's rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

41. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FIFTH CAUSE OF ACTION
(ASSAULT and EXCESSIVE FORCE)

42. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

43. That the Court has pendant jurisdiction of this claim.

44. That as a result of the foregoing, defendants intentionally put the Plaintiff in fear and fright of imminent physical harm.

45. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($ 1,000,000.00) Dollars.

### SIX CAUSE OF ACTION
(BATTERY and EXCESSIVE FORCE)

46. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

47. Defendant officers battered the Plaintiff.

48. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant officers, NEW YORK CITY POLICE DEPARTMENT, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

49. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

50. Defendants caused a false accusatory instrument to be filed against Plaintiff.

51. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

52. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

53. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

## EIGHTH CAUSE OF ACTION
### (CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL/PRIVACY NEEDS)

54. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

55. Plaintiff was denied due process, subjected to unconstitutional procedures at the precinct, as well as subjected to illegal humiliation, harassment and gender discrimination.

56. After the arrest, Plaintiff suffered pain.

57. Defendants knew about Plaintiff's condition but failed to take corrective actions to accommodate her.

58. As a result of defendants' conduct, Plaintiff suffered injuries.

## NINTH CAUSE OF ACUTION
### (DENIAL of a FAIR TRIAL)

59. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

60. Defendant's misrepresentations about Plaintiff to prosecutors deprived Plaintiff of liberty because she was brought into criminal court based upon their misrepresentations.

61. Accordingly, defendants are liable to Plaintiff under the Sixth Amendment for denying her a fair trial.

62. As a result, Plaintiff suffered the injuries as set forth within this complaint.

## TENTH CAUSE OF ACTION
### (CRUEL and UNUSUAL PUNISHMENT)

63. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

64. As a result of defendants' conduct, Plaintiff unnecessarily suffered cruel and unusual punishment.

## ELEVENTH CAUSE OF ACTION
### (NEGLIGENCE)

5

65. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

66. Defendants' owed a duty to Plaintiff who was a prisoner in the custody and care of defendants.

93. Defendants breached their duty to Plaintiff.

94. As a result, Plaintiff suffered injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 7 MARCH 2016
New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff

6



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)



Invoice No. **3000198761**

| Invoicing Command | | | | | Invoice Status |
|---|---|---|---|---|---|
| **81ST PCT.** | | | | | **OPEN** |
| Invoice Date | Property Type | | | | Property Category |
| 03/28/2013 | **GENERAL PROPERTY** | | | | **SAFEKEEPING** |

| Officers | Rank | Name | Tax No. | Command | |
|---|---|---|---|---|---|
| Invoicing | POF | LEWIS, SHARTISIA | 942789 | 81ST PRECINCT | OCME. EU No. |
| Arresting | POF | LEWIS, SHARTISIA | 942789 | 81ST PRECINCT | OCME. FB No. |
| Investigating | DT3 | CARPENTER, VANESSA | 923629 | OGN/ID TFT T/F | Police Lab Evid. Ctrl. No. |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No.   N/A |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No.   N/A |

| Item | Total QTY | Article(s) | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|
| 1 | 4 | MAKE-UP<br>COLOR: ASSORTED COLORS<br>LIP STICK/GLOSS | 1300125076 | 4 | |
| 2 | 3 | KEYS<br>COLOR: CHROME/STAINLESS STEEL<br>KEYS ON A KEY RING | 1300125076 | 3 | |
| 3 | 1 | OTHER ELECTRONICS<br>COLOR: PINK<br>FLASH LIGHT | 1300125076 | 1 | |
| 4 | 1 | WALLET<br>COLOR: BLACK | 1300125076 | 1 | |
| 5 | 1 | HAIRBRUSH<br>COLOR: ASSORTED COLORS<br>WIG BRUSH | 1300125076 | 1 | |
| 6 | 1 | HANDBAG<br>COLOR: BLUE | 1300125076 | 1 | |
| 7 | 1 | MAKE-UP<br>COLOR: BLACK<br>EYE PENCIL | 1300125076 | 1 | |
| 8 | 1 | MAKE-UP<br>COLOR: ASSORTED COLORS<br>EYE SHADOW | 1300125076 | 1 | |
| 9 | 1 | CELL PHONE - ACCESSORIES<br>COLOR: BLACK MAKE: KYOCERA | 1300125076 | 1 | |



Invoice No. **3000198761**



**Exhibit 1**

Property Clerk Copy
printed: 03/28/2013 22:00

PCD Storage No. --

Page No. 1 of 3




**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521-141(Rev. 11/09)

Invoice No. **3000198761**

| Item | Total QTY | Article(s) | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|
| 10 | 1 | TRAVEL CHARGER<br>CREDIT/DEBIT CARD<br>DOCUMENT HOLDER'S NAME: KENDRA HARRIS<br>DOCUMENT NO.: 5150902588485502<br>ISSUER'S NAME: NY EPPICARD | 1300125076 | 1 | |
| 11 | 1 | DEBIT / MASTER CARD<br>CREDIT/DEBIT CARD<br>DOCUMENT HOLDER'S NAME: KENDRA E HARRIS<br>DOCUMENT NO.: 4039954342236697<br>ISSUER'S NAME: NETSPEND | 1300125076 | 1 | |
| 12 | 2 | VISA DEBIT CARD<br>METRO CARDS<br>MTA METROCARD | 1300125076 | 2 | |

**REMARKS:**
942789 03/28/2013 15:29 : AT T/P/O ITEMS IS TO BE VOUCHERED AS SAFEKEEPING

Receipt

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | |
|---|---|---|---|---|
| 03/27/2013 | 16545/CRIM POSS STOLN PROP | FELONY | N/A | ACCEPTED |

| | Prisoner(s) Name | D.O.B | Age | Address | Arrest No./Summons No. | NYSID No. |
|---|---|---|---|---|---|---|
| 1 | HARRIS, KENDRA | 01/02/1993 | 20 | 160 MADISON STREET, MANHATTAN, NY | K13627817 | 12224774Q |
| 2 | PICARD, STEVEN | 07/05/1981 | 31 | 956 EAST 89 STREET, BROOKLYN, NY | K13627815 | 09208918Y |
| 3 | FREJUSTE, CLAUDE | 07/20/1981 | 31 | 272 MACDONOUGH STREET, BROOKLYN, NY | K13627849 | 02270652J |
| 4 | GUNTER, TAMEKA | 05/28/1983 | 29 | 160 MADISON STREET, BROOKLYN, NY | K13627852 | 09780253M |

| | Name | Tax No. | Address | Phone. No |
|---|---|---|---|---|
| Finder(s) | LEWIS, SHARTISIA | 942789 | 1 POLICE PLAZA NEW YORK, NY 10038. | 718-574-0411 |
| Owner(s) | HARRIS, KENDRA | | 160 MADISON STREET, MANHATTAN, NY | |
| Complainant(s) | PSNY | | | |

| | |
|---|---|
| Complaint No. | 2013-081-01744 |
| Related Comp No.(s) | N/A |
| Aided/Accident No.(s) | N/A |
| Related Invoice(s) | N/A |

**Exhibit 1**

Invoice No. **3000198761**

PCD Storage No. --

Property Clerk Copy
printed: 03/28/2013 22:00

Page No. 2 of 3