UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------------X
Kendra Harris,

                Plaintiff,                            **SECONDAMENDED COMPLAINT**

    -against-

                                                           16-CV-1214 (PKC) (JO)

THE CITY OF NEW YORK, POLICE OFFICER SHARTISIA STEWARD *nee* LEWIS, DETECTIVE VANESSA CARPENTER, NYPD LT. JAMES GEBBIA and POLICE OFFICERS JOHN/JANEDOE # 1 through approximately # 10, the names being fictitious and presently unknown, in their individual and official capacities as employees of the New York City Police Department,
                Defendants.
------------------------------------------------------------------------------------------------X

        The Plaintiff, Kendra Harris by her attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, Police Officers Gebbia, Steward and Carpenter and Police Officers John/Jane Doe # 1-10, police officers of the City of New York, in their individual and official capacities.  Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

### JURISDICTION

2.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

### VENUE

3.     Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is a judicial district in which events or omissions giving rise to the claim occurred, and because defendants Steward and Carpenter are assigned to Precincts in Kings County, New York, within the confines of the Eastern District of New York.

### NOTICE OF CLAIM

4.     A notice of claim was duly filed with the City of New York within the relevant statutory period, a 50-hearing has occurred, more than 30 days have elapsed since such filing, and the City has inadequately offered to settle Plaintiff's state law claims.

### PARTIES

5.      Plaintiff at all times relevant hereto resided in the City and State of New York.

6.      At all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

7.      THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto an agency of the defendant THE CITY OF NEW YORK.

8.      At all times hereinafter mentioned, and on information and belief, Defendant Police Officers were employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, CITY OF NEW YORK.

9.      At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

10.     At all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by DEFENDANT THE CITY OF NEW YORK via THE NEW YORK CITY POLICE DEPARTMENT.  And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

11.     As a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

12.     Plaintiff is a 24-year-old working single mother with no criminal record.

13.     On or about 28 March 2013 just after midnight plaintiff was in the backseat of a 2000 Chevy with her boyfriend at the time. In the front seat were another couple, a man and a woman ("Tameka"). They were driving along Atlantic and Utica Avenues in Brooklyn. Defendant officers were in a police vehicle in the vicinity.

14.     Defendant Police Officers including Steward, Carpenter, and Gebbia claimed that even though they were in their own car, and even though the vehicle plaintiff was in was in motion, somehow these defendants smelled marijuana inside plaintiff's car and used that as a pretext to pull the Chevy over.

15.     Defendants Steward, Carpenter, and Gebbia searched everyone, and allegedly found fraudulent bank cards and checks in the pockets and purse of the other couple.

16.     These defendant officers have already admitted in their paperwork that plaintiff was in a rear passenger seat and had no ties to the ownership of the car. Furthermore they also admitted in their paperwork they were able to determine who was responsible for the car. As a result, they had no cause to interact with plaintiff beyond asking for identification.

2

17. Nonetheless, after they made the above determinations, these defendants then searched and questioned plaintiff about drugs, and demanded to know the whereabouts of any contraband. They also threatened to arrest plaintiff and have plaintiff's child taken away by the Administration of Child Services if she did not obey them and point out where drugs and contraband were hidden in the vehicle. All of these actions were in violation of plaintiff's rights.

18. These defendants then arrested and handcuffed everyone, including plaintiff, and took everyone to the 81st Precinct. Upon arrival, these defendants paraded plaintiff and Tameka through the precinct while male officers made obscene comments about plaintiff and Tameka within earshot, catcalled plaintiff and Tameka, and accused plaintiff and Tameka of being prostitutes. All of these actions were in violation of plaintiff's rights.

19. These defendants also confiscated plaintiff's cell phone, wallet, cell phone charger, and AMC movie card during the processing of her arrest.

20. Defendants Steward and Carpenter then processed plaintiff and Tameka in the vicinity of the desk sergeant area, during which time plaintiff observed several monitors whose screens displayed what she later recognized as the area where she was soon to be strip-searched against her will. These monitors were visible to the public and everyone in the desk sergeant area, including employees and arrestees.

21. Defendants Steward and Carpenter then escorted plaintiff and Tameka to said area and informed them they were going to be strip searched, explaining in graphic detail how the searches were going to be thorough and explicit; at the same time other officers were still catcalling plaintiff and Tameka and calling them prostitutes. Plaintiff was scared, humiliated, and crying, begging the officers to let her go or explain why they were arresting her and treating her like this. Defendants laughed and made jokes about plaintiff's fears and refused to answer her.

22. When plaintiff arrived at the strip-search area, she was shocked and horrified because she recognized it as the same area displayed on the monitors by the desk sergeant. Plaintiff observed video cameras aimed at the area where defendants Steward and Carpenter indicated they were going to conduct the strip searches.

23. Plaintiff then pointed to the video cameras, and informed defendants that she did not consent to being strip-searched. Tameka also stated that she did not consent. By this point plaintiff was sobbing.

24. Defendants Steward and Carpenter informed plaintiff and Tameka that they did not have a choice.

25. Plaintiff then requested that the strip-search be done in a private area. Plaintiff told defendants that she was not wearing panties because she was wearing jeans and leggings. She was crying, and begging the defendants not to make her expose herself in a location where the search would be visible, directly or via video monitor, to people additional to those conducting the search, including but not limited to the numerous officers and arrestees she observed in the desk sergeant area who could see the area from the monitors.

26. Defendants informed plaintiff that she was going to be stripped and searched in that area, whether consensually or forcibly. They told her that nobody cared or wanted her, and proceeded to strip-search Tameka despite Tameka's verbal lack of consent.

27. Plaintiff was forced to watch as the defendants strip-searched Tameka, while making jokes and laughing about how it would be her turn next, which increased her anxiety, humiliation, and fear. All the while, plaintiff repeatedly informed them she did not consent, and repeatedly asked for privacy.

28. Once they were done with Tameka, defendants then strip-searched plaintiff against her will. They forced her to take off her jeans and her leggings and expose her vagina. They made her squat, and they also made her bend over, fully exposing her genitalia and private parts from the waist down. The entire time, plaintiff, who was sobbing, was able to see the video cameras were aimed right at her. At the same time, defendants were making fun of her and laughing at her.

29. After these defendants finished with her, they placed plaintiff in a cell, and denied her food, drink, and a phone call. Plaintiff observed that the males in the pens, however, were fed and allowed phone calls, for no legitimate reason other than an additional sign of gender bias and misogyny.

30. Plaintiff further observed that the males were transported from the precinct to central booking hours before she was transported, for no legitimate reason other than an additional sign of gender bias and misogyny.

31. When plaintiff was taken to Central Booking she was forced to spend the night there.

32. After approximately 30 hours of being falsely incarcerated plaintiff was let out a side door of Brooklyn Central Booking. There was no reason for Plaintiff's detainer. No arrest was ever processed, nor were any charges ever filed against her; in fact the Kings County District Attorney concluded that the arrest was invalid and lacked probable cause and declined to prosecute the case.

33. When plaintiff went back to the precinct to retrieve her property, she discovered that her cell phone and her AMC movie card, which had been taken by the defendant officers, were missing from her property. In addition, her wallet had been torn and damaged. Despite her inquiries and requests, she has never gotten back this property.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

34. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

35. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

36. Defendants have deprived plaintiff of her Federal Constitutional civil rights and have conspired to deprive her of such rights and are liable to plaintiff under the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

37. There is further indication that the actions of the arresting officers in this case were the result of misogyny and racial animus.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

38. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

39. Defendant CITY OF NEW YORK is liable for the damages suffered by plaintiff as a result of the intentional, deliberately indifferent, careless, reckless, and/or negligent conduct of its employees, agents, and servants, specifically including but not limited to the particular policy, practice and manner in which the strip-search was conducted in violation of plaintiff's rights.

40. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the intentional, deliberately indifferent, careless, reckless, and/or negligent and wrongful acts

detailed above, specifically including but not limited to the particular policy, practice and manner in which the strip-search was conducted in violation of plaintiff's rights.

41. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct, whether intentional, deliberately indifferent, careless, reckless, and/or negligent.

42. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the intentional, deliberately indifferent, careless, reckless, and/or negligent conduct of the individual defendants in this and in similar cases involving misconduct, specifically including but not limited to the particular policy, practice and manner in which the strip-search was conducted in violation of plaintiff's rights.

43. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the intentional, deliberately indifferent, careless, reckless, and/or negligent acts of its employees, agents or servants in this and in similar cases involving police misconduct, specifically including but not limited to the particular policy, practice and manner in which the strip-search was conducted in violation of plaintiff's rights.

**THIRD CAUSE OF ACTION**
(FOURTH AMENDMENT)

44. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

45. Defendants arrested plaintiff subjecting her to false arrest, imprisonment and deprivation of liberty without probable cause.

46. That as a result of the foregoing, plaintiff has been deprived of her following rights, privileges and immunities secured her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

**FOURTH CAUSE OF ACTION**
(FOURTEENTH AMENDMENT)

47. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

48. Defendants subjected her to false arrest, imprisonment, deprivation of liberty and property without probable cause, including that they in effect stole plaintiff's cell phone and damaged plaintiff's wallet for no legitimate reason.

49. That as a result of the foregoing, plaintiff has been deprived of her following rights, privileges and immunities secured her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiff's rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

5

### FIFTH CAUSE OF ACTION
(DUE PROCESS VIOLATION)
(CONDITIONS of CONFINEMENT / DELIBERATE INDIFFERENCE)

50. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

51. Plaintiff was denied due process, subjected to unconstitutional procedures at the precinct, as well as subjected to an unconstitutional strip-search, harassment and gender discrimination.

52. As a result of defendant's actions, plaintiff suffered pain.

53. Defendants knew about Plaintiff's condition but failed to take corrective actions to accommodate her.

54. As a result of defendants' conduct, plaintiff suffered injuries.

### SIXTH CAUSE OF ACTION
(DUE PROCESS VIOLATION: EXCESSIVE FORCE)

55. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

56. Defendants unnecessarily and wantonly inflicted pain on plaintiffs maliciously or sadistically to cause harm. As outlined above, defendants, among other bad acts, accused plaintiff of being a prostitute, built up her fear and anxiety about being strip-searched, made her watch as her friend was strip-searched, and then strip-searched her against her will in a public area of the precinct where video cameras displayed the entire event to anyone in the public desk sergeant area of the precinct.

57. That as a result of the foregoing, plaintiffs suffered pain unnecessarily.

### SEVENTH CAUSE OF ACTION
(DUE PROCESS VIOLATION: FAILURE TO INTERVENE)

58. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

59. Defendants failed to intervene in appropriate circumstances to protect plaintiff from the excessive use of force by fellow officers, as detailed above, in that they were personally present and observed the incident and chose to ignore it. They failed in their duty to protect and provide assistance to plaintiff.

60. That as a result of the foregoing, plaintiff suffered pain unnecessarily.

### EIGHTH CAUSE OF ACTION
(FAILURE TO PROTECT)

61. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

62. Plaintiff was subjected to all of the above acts in violation of her rights.

63. Defendants were aware of the likelihood of harm to plaintiff but yet failed to protect her, whether deliberately or negligently. Defendants should have exercised their authority to stop plaintiff from being subjected to cruel and unusual punishment, gender discrimination, threats to take away her child, the theft and destruction of her property, and the unlawful strip-search. Defendants were in a position of power and authority over plaintiff and held plaintiff's life, liberty, property and livelihood in their hands. Here, defendants are specifically liable for all of the unlawful acts

plaintiff suffered, and had a duty to protect her. Their failure to do so, whether deliberately or negligently, caused plaintiffs injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 9 MAY 2017
New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff