UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Kendra Harris,
        Plaintiff,
              -against-


THE CITY OF NEW YORK, et al

        Defendants
------------------------------------------------------------X

STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1 IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

16-CV-1214 (PKC) (JO)

In response to Defendants' Local Civil Rule 56.1 Statement, for the sole purpose of opposing this summary judgment motion and for no other purpose, including trial of this matter, Plaintiffs respond as follows:

1. Plaintiff does not dispute these facts.

2. Plaintiff does not dispute these facts.

3. Plaintiff does not dispute these facts.

4. Plaintiff disputes these facts. Plaintiff noticed that S.P. and T.G. were sharing a single marijuana cigarette for approximately two minutes as the car got close to Utica, a couple of blocks away, and described the police's allegations that they smelled marijuana as ridiculous (Ex. A, at 19:19-20:3; 21:3-19). Plaintiff observed that no one was smoking marijuana when the police pulled over the car. (Ex. A, at 20:4-7). Additionally and separately, plaintiff moves for preclusion of Def. Exs. B and I. *See attached*, Plaintiffs' Opposition To Defendants' Motion To Dismiss, And Motion To Preclude Late Discovery And Deny Summary Judgment.

5. Plaintiff does not dispute these facts.

6. Plaintiff disputes the statement in as much as it is incomplete. According to the police they pulled the car over because they said they smelled marijuana from three blocks down, despite the

fact that the windows were closed the entire time until the police approached the vehicle (Ex. A, at 14:23-25; 18:4 – 18).

7. Plaintiff does not dispute these facts.

8. Plaintiff does not dispute these facts.

9. While Plaintiff does not dispute these facts, plaintiff moves for preclusion of Def. Ex. B. *See* ¶4, above.

10. Plaintiff does not dispute these facts.

11. Plaintiff disputes that there was marijuana in the vehicle, however acknowledges that the officers claim they found marijuana in the center console ashtray, (Ex. A, at 20:10 – 21:9). Plaintiff also moves for preclusion of Exs. B and I. *See* ¶4, above.

12. Plaintiff disputes these facts as conclusory assumptions. Defendants have failed to offer sufficient proof but instead rely on Ex. C, which is a Declined Prosecution form created by the Kings County District Attorney when there is insufficient evidence to charge someone with a crime.

13. Plaintiff disputes these facts in that defendants fail to state that prior to her transport she was searched, including that Defendants Steward pulled her bra and searched under it and then ripped off plaintiff's hat (Ex. A, at 24: 6-9), found no contraband on her whatsoever, and handcuffed her behind her back (Ex. A, at 26: 16-23). All four passengers were arrested and taken to the 81st Precinct (Ex. A, at 27:21- 28:4).

14. Plaintiff disputes these facts in that defendants fail to state that prior to her being placed in a cell, Steward and Gebbia brought plaintiff to the precinct front desk sergeant area handcuffed behind her back where a crowd of male officers was gathered along with civilian arrestees. Plaintiff observed monitors whose screens displayed what she later recognized as the area where

she was soon to be forcibly strip-searched against her will. These monitors were visible to the public, employees and arrestees. (Ex. H ¶20). Then the officers were joined by Carpenter. They opened her purse, counted her money, took her phone. (Ex. A, at 26: 1-15). They put her in a cell, took her belt, and searched her for a second time. (Ex. A, at 28: 11-19). They also took T.G.'s money, approximately $1000. One of the officers made an unprofessional remark that the women had a lot of money and insinuated they were prostitutes. (Ex. A, at 32: 15-20). Then Steward and Carpenter separated plaintiff and T.G. from everyone else, escorted them to a back part of the prison, and informed them they were going to be strip-searched. Plaintiff was scared, humiliated, and crying, begging the officers to let her go or explain why they were arresting her and treating her like this. Defendants made jokes about plaintiff's fears. (Ex. H ¶21). Plaintiff was horrified because she recognized the area as the same area displayed on the monitors by the desk sergeant. Plaintiff observed video cameras aimed at the strip-search area. Plaintiff, sobbing, informed defendants she did not consent. Defendants informed plaintiff she did not have a choice. (Ex. A, at 28: 19-24) (Ex. H ¶22-24). Plaintiff requested the strip-search be done in private and informed defendants that she was not wearing panties because she was wearing jeans and leggings. She was crying, begging defendants not to make her expose herself in a location where the search would be visible to everyone at the front desk. Defendants informed her that she was going to be stripped and searched, whether consensually or forcibly, and proceeded to strip-search T.G. who also did not consent. Plaintiff was forced to watch, upset to the point of hysteria. (Ex. H ¶24-27) (Ex. A, at 29: 6-8). Defendants told her, "don't nobody wants you." (Ex. A, at 29: 9-16) (Ex. A, at 29:18 – 30:8). Once done with Tameka, defendants forced plaintiff to strip naked and squat and bend over and turn and present her buttocks and genitals to Defendant Steward for inspection, and cough while doing so. Plaintiff observed on the other hand that that

T.K. was allowed to keep her stockings on covering her buttocks and genitals. Plaintiff further observed that Officer Steward did not force T.K. to squat or bend down. (Ex. A, at 38:16 – 40:6). Plaintiff felt as if the police treated her like an animal. Plaintiff suffered psychological and emotional injury that she feels to this day, and does not think she will ever be able to fully get over what happened to her (Ex. A, at 40: 12-24) (Ex. H ¶28).

15. Plaintiff does not dispute that the Kings County District Attorney declined to prosecute plaintiff, but adds that plaintiff was not observed in possession of any contraband, and that the Kings County District Attorney concluded there was no valid basis for the arrest (Ex. C).

16. While plaintiff does not dispute these facts, defendants fail to state that during that time, the police refused to inform her of her charges, and the only paperwork they gave her listed charges related to stolen property. Defendants also fail to state that plaintiff was denied food, drink, and a phone call, and personally observed that the males in the pens were fed and allowed phone calls, for no legitimate reason other than an additional sign of gender bias and misogyny. Plaintiff also observed that the males were transported from the precinct to central booking hours before she was transported, for no legitimate reason other than an additional sign of gender bias and misogyny. (Ex. H ¶30). Defendants also fail to state that plaintiff was forced to spend the night at Central Booking, then released without being arraigned (Ex. A, at 31:18-20; 33:15-35:11) (Ex. H ¶31-32), having spent 26 hours and 46 minutes unlawfully incarcerated (Ex. E).

17. While plaintiff does not dispute these facts, defendants fail to state that when plaintiff went back to the precinct to retrieve her property and the police gave her back her bag, plaintiff observed that there was other people's property inside her bag, including costume jewelry.

18. Plaintiff does not dispute these facts.

19. Plaintiff does not dispute these facts.

20. While plaintiff does not dispute these facts, they are contained in Ex. A, at 37:13-19.

21. Plaintiff does not dispute these facts.

22. Plaintiff does not dispute these facts.

23. Plaintiff does not dispute these facts.

24. Plaintiff does not dispute these facts.

25. Plaintiff does not dispute these facts.

**Plaintiffs' Additional Material Facts**

26. Plaintiff is a 24-year-old single mother with no criminal record (Ex. A, at 5: 16-23; 6:25-7:1).

27. On 5 July 2016 a Case Management Statement was filed (Docket No. 9), listing 24 April 2017 as the date for completion of factual discovery.

28. On 18 July 2016 a Scheduling Order was filed (Docket No. 11), confirming 24 April 2017 as the date for completion of factual discovery.

29. On 9 August 2016 defendants served Initial Disclosures (**Exhibit 1, excerpted**), containing among other documents Exs. C, D, E, J;  Property Clerk Invoice 300199138 listing cellphones; Invoices 300198930 and 300199103 listing checks, checkbooks, and receipts; Invoice 300199116 listing credit cards, receipts, and checks.

30. On 19 September 2016 plaintiff served Plaintiff's First Set Of Interrogatories And Document Demands (**Exhibit 2),** requesting in relevant part all information regarding plaintiff's arrest pertaining to any and all outstanding NYPD Property Clerk Invoices ("Vouchers") and the Civilian Complaint Review Board ("CCRB") (*See* Interrogatories ¶¶ 9, 17; Document Requests ¶¶ 1, 7, 8, 12, 14,17, 18, 19).

31. On 27 October 2016 defendants served Defendants' Responses And Objections To Plaintiff's First Set Of Interrogatories And Document Demands (**Exhibit 3).** In their Interrogatories

Responses defendants described plaintiff's requests as: ¶ 9 ("not relevant…will supplement this response if appropriate"); ¶ 17 ("vague, ambiguous, overbroad…not relevant…not proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues and insofar as the burden or expense of the proposed discovery outweighs its likely benefit). In their Document Request Responses defendants described plaintiff's requests as: ¶ 1 ("vague, ambiguous, overbroad, duplicative, compound, assumes facts not established…"); ¶ ¶ 7, 8 ("duplicitave"); ¶ ¶ 12, 14 (same language as ¶17, above); ¶ 18 ("vague, ambiguous, overbroad"); ¶ 19 (same language as ¶17, above).

32. Between 27 October 2016 and 2 May 2017 there are nine docket entries, the Complaint was amended twice, and case conferences were held. In all that time defendants neither produced any CCRB materials or additional Vouchers, nor made any record of any problems concerning such.

33. On 2 May 2017 there was a settlement conference to no avail. Again, defendants made no record of any outstanding CCRB materials or Vouchers. The Court ordered discovery closed with no outstanding disputes and prepared to certify the case ready for trial (Docket No. 26).

34. On 20 June 2017 the Court issued an Order Certifying Discovery Is Complete (Docket No. 31).

35. Yet for the first time, in defendants' moving papers, they have attached "Initial Disclosures Pursuant To Rule 26(E) On Behalf Of Defendants City Of New York, Shartisia Steward And Vanessa Carpenter - First Supplement." Defendants then, in their Rule 56.1 Declaration, purport to incorporate these disclosures into their moving papers. They include an audio recording of plaintiff from the Civilian Complaint Review Board (*See* Para. 3, *intra,* and Ex. B); and NYPD Property Clerk Invoices 300198770 and 300198765 listing marijuana allegedly vouchered as

arrest evidence (*See* Para. 10, *intra*, and Def. Ex. I) and relate directly to facts in controversy in this case.

| | |
|---|---|
| DATED: New York, New York<br>24 AUGUST 2017 | By ___/s/_____<br>Gregory Zenon<br>The Law Office of Gregory Zenon<br>30 Wall Street, 8th Floor<br>New York, NY  10005 |

TO: Attorney Shira Siskind
 Assistant Corporation Counsel
 Special Federal Litigation Division
 100 Church Street
 New York, NY 10007

Index No. 16-CV-1214 (PKC) (JO)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| KENDRA HARRIS,<br>                                    Plaintiff,<br>-against-<br>THE CITY OF NEW YORK, et al,<br>                                  Defendants. |
| **STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1 IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| **Gregory Zenon**<br>*The Law Office of Gregory Zenon*<br>*30 Wall Street, 8TH Floor*<br>*New York, New York 10005*<br>*212.380.8582*<br>*440.794.6686 (fax)*<br>*zenonlaw@yahoo.com* |
| *Due and timely service is hereby admitted.*<br>*New York, N.Y......................................................................................, 2017*<br>*................................................................................................... Esq.*<br>*Attorney for.......................................................................................* |