UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
KENDRA HARRIS,

                        Plaintiff,

         -against-

THE CITY OF NEW YORK, POLICE
OFFICER SHARTISIA STEWARD *née*
LEWIS, DETECTIVE VANESSA
CARPENTER, NYPD LT. JAMES GEBBIA
and POLICE OFFICERS JOHN/JANE DOE
#1 THROUGH APPROXIMATELY #10,

                     Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-1214 (PKC)(JO)

PAMELA K. CHEN, United States District Judge:

       Plaintiff Kendra Harris filed this action against Defendants, pursuant to 42 U.S.C. § 1983

("Section 1983")[1] and New York state law, based on her March 28, 2013 arrest and subsequent

detention.  Before the Court is Defendants' motion for partial summary judgment.  For the reasons

set forth herein, the Court grants Defendants' motion in part and denies it in part.

## BACKGROUND

**I.    Relevant Facts[2]**

       On March 28, 2013, Plaintiff was riding in a car with her friends, T.G.[3], S.P., and C.F.

---

[1] Although Plaintiff references 42 U.S.C. §§ 1981 and 1988 in the Preliminary Statement
of the operative complaint, she does not allege any causes of action under those provisions.
(Second Amended Complaint ("SAC"), Dkt. 27, at ¶ 1.)  Therefore, the Court dismisses any claims
brought under these statutes and only addresses Plaintiff's Section 1983 claims in this Order.

[2] Unless otherwise noted, a standalone citation to Defendants' 56.1 Statement denotes that
this Court has deemed the underlying factual allegation undisputed.  Any citations to Defendants'
56.1 Statement or incorporates by reference the documents cited therein. Where relevant, however,
the Court may cite directly to the underlying document.

[3] As these arrests may be sealed, the Court only uses the initials of Plaintiff's co-arrestees.

(Defendants' 56.1 Statement ("Defs.' 56.1"), Dkt. 40, at ¶ 1.) S.P. was driving the car. (*Id.* at ¶ 2.) T.G. and S.P. were smoking marijuana in the front seat of the car for about two minutes before the car was stopped by police. (*Id.* at ¶ 4; 50-H Hearing Transcript ("50-H Tr."), Dkt. 38-1, at 21:3-9.) Defendant-Officer Shartisia Steward[4] and a male officer pulled the car over because they allegedly smelled marijuana emanating from the car. (*Id.* at ¶¶ 6, 8.) According to Plaintiff, however, the car's windows were closed the entire time. (Plaintiff's 56.1 Statement ("Pl.'s 56.1"), Dkt. 42, at ¶ 6; 50-H Tr. 18:8-12.)[5]

Defendants allege that the officers found a "clip", *i.e.*, a marijuana cigarette, in the front section of the car, specifically in the center console ashtray, as well as loose marijuana in the glove compartment. (Defs.' 56.1, at ¶ 11; CCRB Call, 3:57-4:07; Dkt. 38-9.) Moreover, Defendants allege that they found fraudulent documents on S.P.'s person and in T.G.'s purse. (Dkt. 38-3.)

---

[4] Defendant Steward was using her maiden name, Shartisia Lewis, at the time of the incident. (Audio Recording of Civilian Complaint Review Board Complaint Call ("CCRB Call"), Dkt. 38-2, at 12:40-13:00.) The date of the CCRB Call is unknown. (50-H Tr. 38:3-12.)

Plaintiff asks the Court to preclude admission of Defendants' Exhibit B (CCRB Call, Dkt. 38-2) and Exhibit I (NYPD Property Vouchers, Dkt. 38-9) because they were supposedly disclosed for the first time after the close of discovery—specifically, in connection with Defendants' motion for summary judgment. (Plaintiff's Brief ("Pl.'s Br."), Dkt. 43, at 5-7.) However, the CCRB Call and Property Vouchers were both specifically referenced in Defendants' discovery responses. In response to Interrogatory Three, Defendants stated that the disputed materials would "be produced within 60 days of entry into an appropriate confidentiality stipulation." (Dkt. 44-3, at 4 (Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories and Document Demands).) According to Defendants, Plaintiff's counsel never signed the confidentiality statement and Plaintiff never addressed this issue with the assigned Magistrate Judge before the close of discovery. (Defendants' Reply Brief ("Defs.' Reply Br."), Dkt. 39, at 2.) Therefore, the Court will consider Exhibits B and I in deciding Defendants' motion for partial summary judgment.

[5] Defendants' 56.1 Statement cites Plaintiff's 50-Hearing testimony that the officers stated to her that "they pulled the car over because . . . they smelled marijuana from three blocks down." (Defs.' 56.1, at ¶ 6; *but see* CCRB Call, 3:45-3:57 (Plaintiff stating that the officers pulled the car over because they smelled marijuana "ten cars behind us").)

Plaintiff denies that there was marijuana in the vehicle at the time of the stop. (Pl.'s 56.1, at ¶ 11.) Steward then arrested Plaintiff and the other three passengers, all of whom were taken to the 81st Precinct and charged with Criminal Possession of Stolen Property in the Fifth Degree, pursuant to N.Y. Penal Law § 165.40, and Criminal Possession of Marijuana in the Fifth Degree, pursuant to N.Y. Penal Law § 221.10. (Dkt. 38-5; Dkt. 38-9.)

At the precinct, Plaintiff alleges that she was taken to a holding cell and strip searched by Defendant-Officers Steward and Vanessa Carpenter. (50-H Tr. 28:8-30:8; CCRB Call, at 5:38-6:31.) After the strip search, Plaintiff alleges that she asked Steward if she could make a phone call, but Steward would not allow her to make a call, despite allowing some of the male detainees to do so. (CCRB Call, at 7:00-7:40.) Plaintiff was in custody for approximately 26 hours and 46 minutes in total. (Defs.' 56.1, at ¶ 16.) When Plaintiff was released, she attempted to retrieve her vouchered property, but her phone and movie rewards card were never returned to her. (*Id.* at ¶¶ 17-20.) The prosecutor ultimately declined to prosecute Plaintiff because she "was merely observed as a rear seat passenger. [Plaintiff] was not observed in possession of the recovered documents or marihuana cigarette. There is no marihuana car presumption." (Dkt. 38-3.)

## II.    Procedural History

Plaintiff filed her initial complaint on March 10, 2016 (Dkt. 1) and amended it on November 8, 2016, *inter alia*, to name Lieutenant James Gebbia as a Defendant in this action (Dkt. 17). On January 9, 2017, Defendants filed a pre-motion conference request in anticipation of filing a partial motion to dismiss. (Dkt. 18.) On March 9, 2017, the Court held a pre-motion conference and granted Plaintiff leave to file a Second Amended Complaint (3/9/17 minute entry), which was filed on May 9, 2017 (Dkt. 27). Defendants' motion for partial summary judgment was fully briefed on September 28, 2017. (Dkt. 36.)

# LEGAL STANDARD

Summary judgment is appropriate where the submissions of the parties, taken together, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The initial burden of "establishing the absence of any genuine issue of material fact" rests with the moving party. *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). Once this burden is met, however, the burden shifts to the nonmoving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. *Spinelli v. City of N.Y.*, 579 F.3d 160, 166-67 (2d Cir. 2009); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A mere "scintilla of evidence" in support of the nonmoving party is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quotation omitted; alteration in original). In other words, "[t]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quotation omitted).

In determining whether a genuine issue of fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). The Court also construes any disputed facts in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

157-59 (1970).  However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Anderson*, 477 U.S. at 247-48.

## DISCUSSION

Defendants move for summary judgment as to Plaintiff's claims for: (1) false arrest; (2) excessive force; (3) deliberate indifference/unlawful conditions of pretrial confinement; (4) failure to intervene; (5) deprivation of property; (6) *Monell* liability; and (7) violations of New York state law.[6]  Defendants also move for summary judgment as to all of the claims against Defendant Gebbia on timeliness grounds.  Defendants do not move for summary judgment with respect to Plaintiff's Fourth Amendment unlawful strip search claim against Defendants Steward and Carpenter.[7]

## I.      Claims against Defendant Gebbia

Defendants argue that the claims against Defendant Gebbia should be dismissed as untimely.  (Defendants' Brief ("Defs.' Br."), Dkt. 37, at 10-14.)  Gebbia was not added as a defendant in this case until the First Amended Complaint was filed on November 8, 2016, over five months after the expiration of the three-year statute of limitations period on March 28, 2016. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 actions filed in New York are

---

[6] As discussed *infra*, the SAC is woefully unclear as to what the precise contours of Plaintiff's constitutional claims are and what facts or events she is alleging in support of those claims.  The Court, however, has construed the SAC as generously as possible to preserve those constitutional claims that are viable.

[7] Plaintiff alleges that at the scene of the stop and prior to being taken to the precinct, Defendant Steward pulled Plaintiff's bra to search under it and ripped off Plaintiff's hat, but found no contraband.  (SAC, at ¶¶ 15-17; 50-H Tr. 23:20-25:2.)  The Court does not construe this conduct as part of Plaintiff's Fourth Amendment claim.

. . . subject to a three-year statute of limitations.").[8]  Defendants' motion is granted.

"Amended pleadings that meet the requirements of Rule 15(c) are considered to 'relate back' to the date of the original complaint" and may be considered timely.  *Id.*  However, under Federal Rule of Civil Procedure 15(c)(1)(C), for an amended complaint adding a new party to relate back, the following conditions must be met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [(4) the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468-69 (2d Cir. 1995) (internal quotations marks omitted).

Plaintiff cannot satisfy the third requirement because the Second Circuit "has interpreted the rule to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." *Hogan*, 738 F.3d at 517-18 ("We have held that, although 'Rule 15(c) explicitly allows the relation back of an amendment due to a '*mistake*' concerning the identity of the parties . . . [,] the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.") (quoting *Barrow*, 66 F.3d at 470) (emphasis added). Such is the case here.  Plaintiff, who filed this action only 18 days before the statute of limitations expired, knew at the time she filed the complaint that a male officer was involved with Steward in

---

[8] In their December 5, 2016 pre-motion conference letter, Defendants indicated that they intended to move to dismiss the claims against Gebbia on timeliness grounds.  (Dkt. 18, at 3.)  The Court did not address the merits of Plaintiff's request, but instead, gave Plaintiff leave to amend the complaint.  (3/9/17 minute entry (Court stating that it was "inclined" to allow Plaintiff to amend the complaint to name Gebbia, but ultimately directing the parties to brief the issue).)  In moving for summary judgment, Defendants renew their request with respect to Gebbia.

her arrest, and yet she did not seek to identify that officer (who turned out be Gebbia) until after the limitations period had run. (*See* 5/23/16 Order (Magistrate Judge James Orenstein directing Defendants to "provide to the plaintiff the names, shield numbers, and proper service addresses of all individual officers involved in, or present at the scene of, the arrest at issue in this litigation").) Thus, relation back pursuant to Rule 15(c) is not proper here because Plaintiff's failure to timely name Gebbia was not due to a mistake of fact, but rather due to a lack of diligence.

Next, the Court considers whether Federal Rule of Civil Procedure 15(c)(1)(A) permits relation back in this case. Rule 15(c)(1)(A) requires the Court to look at the "more forgiving principle of relation back" under New York state law. *Hogan*, 738 F.3d at 518 (citation and internal quotation marks omitted). Pursuant to N.Y. C.P.L.R. § 1024,

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

However, "[t]o take advantage of § 1024, a party must meet two requirements." *Hogan*, 738 F.3d at 518. First, the party must "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." *Id.* (citation omitted) (collecting cases). Second, "the party must describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant." *Id.* (citation omitted) (collecting cases). Plaintiff does not meet either of these requirements. As discussed, there is no evidence that Plaintiff attempted to identify Defendant Gebbia before the expiration of the statute of limitations, particularly since the initial complaint was filed only eighteen days before the expiration of the statute of limitations. (Dkt. 1.) Moreover, the initial complaint is utterly devoid of any description of the John Doe Defendants involved in her arrest. (*See* Dkt. 1.) Therefore, the Court finds that the claims against Lieutenant

Gebbia in the First and Second Amended Complaint do not relate back to the original complaint and the claims against him are dismissed as time-barred.[9]

## II. False Arrest Claim

### A. Probable Cause

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted); *see also Jenkins v. City of N.Y.*, 478 F.3d 76, 84 (2d Cir. 2007) (citing *Weyant*, 101 F.3d at 852). To prevail on a claim of false arrest or unlawful imprisonment, a plaintiff must prove that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of N.Y.*, 331 F.3d 63, 75 (2d Cir. 2003) (internal quotation marks and citation omitted). "'[T]he existence of probable cause' for an arrest 'is an absolute defense to a false arrest claim.'" *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016) (quoting *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006)).

The only disputed issue with respect to Plaintiff's March 28, 2013 false arrest claim against Defendant Steward is whether there was probable cause for the arrest. "Although the existence of probable cause must be determined with reference to the facts of each case, in general '[p]robable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information

---

[9] For the same reasons described above, the remaining John/Jane Doe Defendants are dismissed. *See Maitland v. City of N.Y.*, No. 13-CV-2256 (NGG)(CLP), 2014 WL 1427857, at *5 (E.D.N.Y. Apr. 14, 2014) ("Although plaintiffs brought the action against John Doe # 1-6, the Second Circuit has held that if plaintiffs fail to identify the individual officers within the statute of limitations period, the fact that they have sued John Doe officers does not protect plaintiffs from a statute of limitations defense.") (citing *Tapia-Ortiz v. Doe*, 171 F.3d 150, 150-51 (2d Cir. 1999)).

as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.'" *Manganiello*, 612 F.3d at 161 (quoting *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007)). The existence of probable cause "must be determined by reference to the totality of the circumstances", *id.*, and "may be determined as a matter of law provided there is no factual dispute regarding the pertinent events and the knowledge of the officers[,]" *Jackson v. City of N.Y.*, 939 F. Supp. 2d 235, 249 (E.D.N.Y. 2013).

Defendants argue that, on March 28, 2013, there was probable cause to arrest Plaintiff because it is undisputed that "marijuana was found in the center console in the car in which [P]laintiff was a passenger" and that this is sufficient to establish Plaintiff's constructive possession of the marijuana under New York common law. (Defs.' Br., at 5-7.) Plaintiff argues that Defendants' constructive possession analysis is inapplicable to Plaintiff as a back-seat passenger and that Plaintiff's alleged possession of the contraband based on proximity cannot be resolved on summary judgment. (Plaintiff's Brief ("Pl.'s Br."), Dkt. 43, at 12-13.)[10] The Court agrees.

Under New York common law, a person "constructively possesses tangible property when

_____

[10] Plaintiff also argues that Defendant Steward did not have probable cause to arrest Plaintiff because New York's automobile presumption, N.Y. Pen. Law § 220.25(1), does not apply to marijuana. (Pl's Br., at 12-13); *see Lozada v. City of N.Y.*, No. 12-CV-0038 (ILG)(JMA), 2013 WL 3934998, at *4 (E.D.N.Y. July 29, 2013) ("New York Penal Law § 220.25(1) . . . states that [t]he presence of a controlled substance in an automobile . . . is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found. However, because New York Penal Law § 220.00(5) excludes marijuana from the definition of controlled substance, the automobile presumption does not apply to marijuana.") (citation and internal quotation marks omitted). Defendants, however, "do not contend that there was probable cause to arrest [P]laintiff" based on N.Y. Pen. Law § 220.25(1), but, as discussed *supra*, argue that she constructively possessed the marijuana under New York common law. (Defs.' Reply Br., at 3.)

he [or she] exercises 'dominion and control' over the property with a sufficient level of control over the area in which the contraband is found." *Davis v. City of N.Y.*, No. 04-CV-3299 (JFB)(RLM), 2007 WL 755190 at *5 (E.D.N.Y. Feb. 15, 2007) (citations and internal quotation marks omitted). However, "[m]ere proximity [to contraband] is . . . insufficient to support a finding of constructive possession." *United States v. Rodriguez,* 392 F.3d 539, 548 (2d Cir. 2004). While courts have found that the *driver* of a car may be found to have constructively possessed marijuana found in the center console of a vehicle, *see, e.g., Elk v. Townson*, 839 F.Supp. 1047, 1051-52 (S.D.N.Y. 1993) (probable cause to arrest driver where marijuana found "in the front seat space . . . within his easy reach"), here, Plaintiff was a *back-seat passenger* in a car with three other occupants. *See also Costello v. Milano*, 20 F. Supp. 3d 406, 421 (S.D.N.Y. 2014). Whether Plaintiff, as a back-seat passenger, had a "sufficient level of control" over the center console in the front driver's section of a car that was not hers, in order to impute to her "constructive possession", remains a disputed question of fact properly reserved for a jury to resolve. The Court thus finds that Defendants have not established probable cause for Plaintiff's arrest as a matter of law, and accordingly denies Defendants' partial motion for summary judgment on Plaintiff's false arrest claim.

**B. Qualified Immunity**

The Court also rejects Defendants' argument that Defendant Steward is entitled to qualified immunity as to Plaintiff's false arrest claim. "Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial, lawsuits." *Hartline v. Gallo,* 546 F.3d 95, 102 (2d Cir. 2008) (citation and internal quotation marks omitted). "As qualified immunity is an affirmative defense, the defendants bear the burden

of proof." *Matthews v. City of N.Y.*, 889 F. Supp. 2d 418, 432-33 (E.D.N.Y. 2012) (quoting *Lore v. City of Syracuse,* 670 F.3d 127, 149 (2d Cir. 2012)). "The issues on qualified immunity are: (1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was clearly established; and (3) even if the right was clearly established, whether it was objectively reasonable for the [officials] to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (internal quotation marks omitted). In this Circuit, "a right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant would have understood from the existing law that his conduct was unlawful." *Luna v. Pico*, 356 F.3d 481, 490 (2d Cir. 2004) (quoting *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003)).

Defendants argue that Defendant Steward is entitled to qualified immunity because she had arguable probable cause to arrest Plaintiff based on "the smell of marijuana coming from the car, and the location of the recovered marijuana", and "the law was not clearly established on the date of this incident that the smell of marijuana was insufficient to provide probable cause to arrest all of the cars' occupants." (Defs.' Br., at 7-8); *see also Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010) ("Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.") (citation omitted).

The Court rejects Defendants' argument that the combination of the location and smell of the marijuana supports a finding of qualified immunity. First, with respect to the location aspect of this argument, the sole case Defendants cite in support of this argument is a Southern District of New York case, *Costello v. Milano*, but that decision only stands for the proposition that the

*driver* of a car may be found to have constructively possessed marijuana found in the center console of a vehicle. 20 F. Supp. 3d at 421. Again, there is no case law clearly establishing that a passenger, especially one in the backseat of a car, can be found to have constructively possessed marijuana found in the car's front console.

Second, with respect to the smell of marijuana, Defendants rely exclusively on *dicta* in *Costello* which states, without elaboration, that "[i]f [the court] were to accept [the officer's] assertion that he smelled marijuana, [the officer] might have had arguable probable cause to arrest the occupants of the car for unlawful possession of marijuana." *Id.* at 419 n.12 (collecting cases). This is insufficient to meet Defendants' burden to establish qualified immunity. The *dicta* in *Costello* is at odds with case law in this Circuit holding that "the generalized smell of marijuana coming from a multi-occupant vehicle [does not] provide[] probable cause to arrest everyone in the vehicle for the offense of possessing marijuana." *United States v. Brock*, No. 13-CR-6025 (CJS), 2016 WL 3743242, at *3 (W.D.N.Y. July 13, 2016) ("That is, the mere scent of marijuana coming from a group of individuals without more, whatever their location, does not by itself provide the police probable cause to arrest and search incident to such arrest any particular individual in the group.") (citing *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979)).

In *United States v. Humphries,* 372 F.3d 653 (4th Cir. 2004), the Fourth Circuit explained this principle:

> In the case of a search, when the odor emanates from a confined location such as an automobile or an apartment, we have held that officers may draw the conclusion that marijuana is present in the automobile or the apartment. But probable cause to believe that marijuana is located in an automobile or an apartment may not automatically constitute probable cause to arrest all persons in the automobile or apartment; some additional factors would generally have to be present, indicating to the officer that those persons possessed the contraband.

*Id.* at 659 (citations omitted). Indeed, the rule articulated in *Humphries*—that where there is the

smell of marijuana in a vehicle, probable cause to arrest is only present when there are "additional factors . . . indicating to the officer that those persons possessed the contraband", *id.*—was applied in *Rotbergs v. Guerrera*, a District of Connecticut case relied on by the court in *Costello*. *See Costello*, 20 F. Supp. 3d at 419 n.12 (citing *Rotbergs v. Guerrera,* No. 3:10-CV-1423 (MRK), 2012 WL 1204729, at \*2 (D. Conn. Apr. 11, 2012)). In *Rotbergs*, an officer claimed to have smelled marijuana in the plaintiff's car, searched the plaintiff and the front seat passenger, and subsequently found marijuana in the plaintiff's pocket and a glass pipe for smoking marijuana inside the car. The officer arrested the plaintiff but "informed [the front seat passenger] that he was *free to leave*" when his pat down[11] revealed no contraband. 2012 WL 1204729, at \*2 (emphasis added). Similarly, in *United States v. Jenkins*, the Second Circuit found that "the odor of marijuana" provided "an independent basis for continuing to detain the SUV and its occupants", but the occupants were only arrested when the officers located firearms in the front and back seat of the car. 452 F.3d 207, 214 (2d Cir. 2006). For the Court to hold otherwise, and find arguable probable cause where an individual was merely a passenger in a vehicle that smelled of marijuana, without more, would be inconsistent with, and eviscerate, the Second Circuit's clearly established rule that "[m]ere proximity [to contraband] is . . . insufficient to support a finding of constructive possession." *Rodriguez,* 392 F.3d at 548.

At this stage, the undisputed facts do not support a finding that Defendant Steward's actions were "objectively reasonable" with respect to Plaintiff's false arrest claim. Therefore, the Court finds that Defendant Steward is not entitled to qualified immunity.

---

[11] To the extent that *Humphries* and other cases find that the smell of marijuana in a car provides probable cause to search all occupants of the car, beyond a pat down incident to arrest, that aspect of these cases does not apply here, since Plaintiff makes no Fourth Amendment claim based on Defendant Steward's alleged search of Plaintiff at the scene. *See, e.g., Hardy v. Baird*, No. 13-CV-7402 (NSR), 2016 WL 2745852, at \*7 (S.D.N.Y. May 10, 2016) (collecting cases).

### III. Excessive Force Claim

Plaintiff argues that her strip search by Defendants Steward and Carpenter "was a complete violation of her civil rights, [] cruel and sadistic, served no legitimate state interest whatsoever, and is an egregious example of excessive force." (Pl.'s Br., at 15.) However, as Defendants correctly state, Plaintiff does not allege or put forth any evidence that any physical force was used in connection with the strip search or that she was injured in any way. (Defs.' 56.1, at ¶ 21); *see United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999) (finding that "some degree of injury is ordinarily required to state a claim" for excessive force); *Aziz Zarif Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D.N.Y. 1998) (holding that "verbal harassment or profanity alone, unaccompanied by any injury . . . does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983") (internal quotation marks and citation omitted) (collecting cases); *Merrill v. Schell*, 279 F. Supp. 3d 438, 443 (W.D.N.Y. 2017) ("Courts within the Second Circuit have been reluctant to entertain excessive-force claims without any physical contact.").[12] Therefore, Defendants' motion for summary judgment is granted as to Plaintiff's excessive force claim.[13]

---

[12] While some courts in this Circuit have suggested that "[p]hysical contact may not be necessary for an excessive force claim to succeed," *Brown v. Oneida*, No. 6:15-CV-0849 (LEK) (ATB), 2016 WL 4275727, at *12 (N.D.N.Y. Aug. 12, 2016), those cases indicate that something akin to physical force or a threat of imminent harm is required. *See, e.g., Othman v. City of N.Y.*, No. 13-CV-4771 (NGG)(SJB), 2018 WL 1701930, at *8 (E.D.N.Y. Mar. 31, 2018) ("[V]erbal threats, combined with the brandishing of [a] weapon [can] be unreasonable and therefore constitute excessive force[.]") (citation and internal quotation marks omitted). Those circumstances do not exist here.

[13] This ruling does not leave Plaintiff without a legal remedy with respect to her alleged strip search, which is actionable under Section 1983 as a violation of the Fourth Amendment's proscription against unreasonable searches—a claim as to which Defendants are not seeking summary judgment.

**IV.     Deliberate Indifference/Unlawful Conditions of Pretrial Confinement Claim**

Plaintiff alleges that Defendants Steward and Carpenter violated her due process rights by strip searching her and not allowing her to make a phone call while she was in custody. "'A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment,' which requires 'a showing that the officers acted with deliberate indifference to the challenged conditions.'" *Sanders v. City of N.Y.*, No. 16-CV-7426 (PGG), 2018 WL 3117508, at *6 (S.D.N.Y. June 25, 2018) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). The standard of deliberate indifference "includes both subjective and objective components." *Laurent v. Borecky*, No. 17-CV-3300 (PKC)(LB), 2018 WL 2973386, at *3 (E.D.N.Y. June 12, 2018). "[O]bjectively, the alleged deprivation must be sufficiently serious." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (citations omitted). In addition, the "'subjective prong' (or '*mens rea* prong') of a deliberate indifference claim is defined objectively," *Darnell*, 849 F.3d at 35; therefore, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety[,]" *id.*

With respect to Plaintiff's claim, the Second Circuit has held that a plaintiff may state a claim for deliberate indifference related to a strip search where "[a] corrections officer's intentional contact with an inmate's genitalia or other intimate area . . serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate[.]" *Crawford v. Cuomo*, 796 F.3d 252, 257-58 (2d Cir. 2015). "To determine the purpose of a correction officer's conduct during a frisk, the Second Circuit has looked to the timing of the frisk,

the comments made during the frisk, and subsequent comments made by the officers." *Shepherd v. Fisher*, No. 08-CV-9297 (RA), 2017 WL 666213, at *18 (S.D.N.Y. Feb. 16, 2017).

Here, although Plaintiff alleges that Defendants "strip searched [her] like an animal" by making her strip from the waist down and "bend over and cough" and that the precinct's security cameras were aimed at the strip-search area so that people at the front desk of the precinct could see her, she does not allege any physical contact by the officers who subjected her to the strip search. (50-H Tr. at 29:9-23, 38:16-39:7; Pl.'s Br., at 9-10.) While the Court is sympathetic to Plaintiff's allegations that the strip search was performed in a humiliating fashion, it appears that the application of *Crawford* and its progeny has been limited to situations where there was some form of physical contact between the defendant-officer and plaintiff during the search. *See, e.g., Bey v. Griffin*, No. 16-CV-3807 (VB), 2017 WL 5991791, at *3-4 (S.D.N.Y. Dec. 1, 2017) (finding plaintiff failed to state a claim where defendants "threatened to punch plaintiff if he did not remove his clothes" because plaintiff "[did] not claim any injury resulted from the threats"); *Keaton v. Ponte*, No. 16-CV-3063 (KPF), 2017 WL 3382314, at *10 (S.D.N.Y. Aug. 4, 2017) (finding plaintiff failed to state a claim for deliberate indifference where defendants "encouraged inmates to utilize the showers, watched them doing so, and made sexual gestures toward the inmates with their lipsticks and tongues" because, in *Crawford*, "the underlying allegations were of illicit *physical* contact between a corrections officer and an inmate. Plaintiff has not alleged such contact here.") (emphasis in original); *Holland v. City of N.Y.*, 197 F. Supp. 3d 529, 547 (S.D.N.Y. 2016) ("To date, in this Circuit, there has been no case in which a plaintiff ha[s] established an actionable claim of sexual harassment . . . without having physical contact with the alleged perpetrator, or without, at the very least, alleging egregious sexual conduct.") (internal quotation marks and

citations omitted) (collecting cases).[14]  While the Court does not mean to suggest that there could never be a viable deliberate indifference claim without physical contact, it finds that the circumstances of the alleged strip search in this case do not state such a claim.  Accordingly, Defendants' motion for summary judgment as to Plaintiff's claim of deliberate indifference to pretrial conditions of confinement, based on the alleged strip search, is granted.[15]

Plaintiff's second allegation is that Defendant Steward did not permit her to make a phone call while she was in custody even though male pre-trial detainees were permitted to do so.  (CCRB Call, at 7:00-7:40.)  Plaintiff has failed to demonstrate that the deprivation was "sufficiently serious".  Under the objective standard, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Boddie*, 105 F.3d at 861 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  Therefore, Defendants' motion for summary judgment is granted as to her deliberate indifference claim, based on the alleged denial of a post-arrest phone call.

---

[14] *See also Crawford*, 796 F.3d at 257-58 ("no amount of gratuitous or sexually-motivated fondling of an inmate's genitals—even if limited in duration or conducted through the inmate's clothes . . . is permitted by the Constitution") (citing *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997)); *Shannon v. Venettozzi,* 670 F. App'x 29, 31 (2d Cir. 2016) ("These [sexually-explicit] statements, in conjunction with [plaintiff's] description of the forcefulness of some of the pat-downs, were sufficient to plausibly allege that [defendant] conducted the pat-downs either to gratify [his] sexual desire or to humiliate [plaintiff], neither of which is a permissible motivation, rather than for any legitimate penological purpose.") (internal quotation marks omitted); *Shepherd*, 2017 WL 666213, at *18 (holding that "the alleged aggressive squeezing and fondling of Plaintiff's genitalia, combined with the accompanying threats of sexual violence or retaliation, would allow a reasonable factfinder to find that the corrections officers lacked a penological purpose and intended to sexually gratify themselves, to humiliate [the plaintiff], or both").

[15] Although Plaintiff is correct that Defendants failed to address Plaintiff's deliberate indifference strip search claim in their opening brief (Pl.'s Br., at 19), the SAC is utterly unclear, and it is not apparent from the face of the complaint, that Plaintiff is alleging a Fourteenth Amendment deliberate indifference claim related to the strip search (*see* SAC, at ¶¶ 47-49).

## V.    Failure to Intervene[16]

Plaintiff alleges that Defendant Gebbia "is liable for his failure to protect Plaintiff from the actions of Steward and Carpenter, from Steward's mistreatment of [P]laintiff at the scene to the strip search to the unfair treatment [P]laintiff received when compared to her co-arrestees." (Pl.'s Br., at 19-20.)   As discussed above, all claims against Gebbia are time-barred.   Therefore, Defendants' motion for summary judgment is granted as to Plaintiff's failure to intervene claim.

## VI.    Deprivation of Property Claim

Plaintiff argues that she was denied her right to due process when Defendants failed to return her cellphone and movie rewards card after she was released from custody.  Defendants' motion for summary judgment is granted as to this claim.

To sustain a procedural due process claim under the Fourteenth Amendment, a plaintiff must allege "that [s]he: (1) had a protected liberty or property interest and (2) was deprived of that interest without due process."  *Johnson v. City of N.Y.*, No. 16-CV-2879 (PKC)(LB), 2018 WL 1175139, at *3 (E.D.N.Y. Mar. 5, 2018) (citation and internal quotation marks omitted); *Roman–Malone v. City of N.Y.*, No. 11-CV-8560 (PAC), 2013 WL 3835117, at *3 (S.D.N.Y. July 25, 2013) ("To state a claim for a violation of procedural due process, Plaintiff must allege that [she or] he was deprived a protected interest in liberty or property, without adequate notice or opportunity to

---

[16] Although Plaintiff pleads failure to intervene and failure to protect as separate causes of action, the Court construes them to be identical.  (SAC, at ¶¶ 58-63.)  Indeed, Plaintiff treats them as such in her opposition to Defendants' motion.  (*See* Pl.'s Br., at 19-20.)  Furthermore, while the SAC blanketly alleges that all Defendants failed to intervene (SAC, at ¶¶ 59, 63), Plaintiff does not defend this claim in response to Defendants' motion, except as to Defendant Gebbia.  In any event, no such claim could be brought against Defendants Steward or Carpenter, since Plaintiff claims that they were directly involved in the underlying alleged constitutional violations.  *See Cuellar v. Love*, 11-CV-3632 (NSR), 2014 WL 1486458, at *8 (S.D.N.Y. Apr. 11, 2014) (granting summary judgment on failure to intervene claims where defendant participated directly in the constitutional violation).

be heard."). "Deprivation of property by a state actor, whether intentional or negligent, does not give rise to a claim under § 1983 so long as the law of that state provides for an adequate post-deprivation remedy and the deprivation was the result of a 'random and unauthorized' act." *David v. N.Y.P.D. 42nd Precinct Warrant Squad*, No. 02-CV-2581 (DC), 2004 WL 1878777, at *5 (S.D.N.Y. Aug. 23, 2004) (collecting cases); *see also Davis v. N.Y.*, 311 F. App'x 397, 400 (2d Cir. 2009); *Johnson*, 2018 WL 1175139, at *3.

Here, Plaintiff does not allege that her alleged deprivation was due to an established state procedure, and, therefore, "when a plaintiff brings a procedural due process claim '[b]ased on random unauthorized acts by state employees,' the state satisfies procedural due process requirements so long as it provides a meaningful post-deprivation remedy." *Ahmed v. Town of Oyster Bay*, 7 F. Supp. 3d 245, 254 (E.D.N.Y. 2014) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996)). In this case, there existed adequate state post-deprivation remedies that Plaintiff could have used to retrieve her phone and rewards card— or to receive monetary compensation in the event they were lost—such as, bringing a state law claim in the Court of Claims. *See Wahid v. Mogelnicki*, No. 15-CV-2869 (LDH)(CLP), 2017 WL 2198960, at *2 (E.D.N.Y. May 17, 2017) ("New York has adequate state post-deprivation remedies" that allow "a plaintiff [to] bring a state law claim for negligence, replevin or conversion with the Court of Claims"). Thus, Plaintiff's deprivation of property claim fails as a matter of law and is dismissed. *See, e.g., id.* (dismissing plaintiff's deprivation of property claim, *inter alia*, given New York's adequate post-deprivation remedies); *Alloul v. City of N.Y.*, No. 09-CV-7726 (FM), 2010 WL 5297215, at *6 (S.D.N.Y. Dec. 21, 2010) (dismissing plaintiff's deprivation of property interest claim based on the towing and subsequent destruction of plaintiff's car because "plaintiff failed to utilize a constitutionally adequate post-deprivation remedy, *i.e.*, pursue a State

court action based on negligence or conversion"). Defendants' motion for summary judgment is granted as to Plaintiff's deprivation of property claim.[17]

## VII.   *Monell* Liability

The totality of Plaintiff's *Monell* claim is

> that Defendant City knew or should have known of their agents['] propensity to engage in the illegal and wrongful acts; and make false entries in official police department records to cover up and hide wrongful conduct.   Additionally and separately, as pled, Defendant City is liable for its failure to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct and its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, in this and in similar cases involving police misconduct; and for the wrongful, negligent and illegal acts of its employees.

(Pl.'s Br., at 21.)   These conclusory allegations, with absolutely no evidentiary support in the record, are wholly insufficient to survive summary judgment.   On summary judgment, plaintiffs "must support vague accusation[s] and surmise with concrete particulars."   *Applegate v. Top Assocs., Inc.*, 425 F.2d 92, 96 (2d Cir. 1970).   Therefore, Defendants' motion for summary judgment is granted as to Plaintiff's *Monell* claim.

## VIII.   State Law Claims

To the extent that Plaintiff asserts any state law claims, they are dismissed.   Defendants

---

[17] To the extent that Plaintiff attempts to assert a separate substantive "due process" deprivation of liberty claim based on the same conduct that underlies her Fourth Amendment claims for false arrest or unlawful strip search, this claim is dismissed as duplicative.   (*See* SAC, at ¶¶ 47-49.)   "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotation marks omitted); *see also Russo v. City of Bridgeport*, 479 F.3d 196, 208 (2d Cir. 2007); *Creighton v. City of N.Y.*, No. 12-CV-7454 (PGG), 2017 WL 636415, at *42 (S.D.N.Y. Feb. 14, 2017) ("[W]here a due process claim is based on the same conduct that gave rise to [a] plaintiff's false arrest and malicious prosecution claims, the due process claim should be dismissed as both duplicative and merit[]less." (citation and quotation marks omitted)).

argue that these claims are time-barred pursuant to N.Y. Gen. Mun. L. § 50-i(1), which requires that an action be "commenced within one year and ninety days after the happening of the event upon which the claim is based." (Defs.' Br., at 1 n.1.) Plaintiff has failed to respond to this argument. Accordingly, the Court dismisses any state law claims as abandoned. *Camarda v. Selover*, 673 F. App'x 26, 30 (2d Cir. 2016) ("Where, as here, a counseled non-moving party submits 'a partial response arguing that summary judgment should be denied as to some claims while not mentioning others,' that response 'may be deemed an abandonment of the unmentioned claims.'") (quoting *Jackson v. Federal Express*, 766 F.3d 189, 195 (2d Cir. 2014)).

## CONCLUSION

For the reasons stated herein, Defendants' motion for summary judgment is denied as to Plaintiff's false arrest claim, but granted as to all other claims challenged in Defendants' motion. Plaintiff's Fourth Amendment claims for false arrest (against Defendant Steward) and unlawful strip search (against Defendants Steward and Carpenter), the latter of which was not part of Defendants' motion, shall proceed to trial. Defendants City of New York, James Gebbia, and John/Jane Does #1-10 are terminated from this action.

The parties shall submit a Joint Pretrial Order by October 19, 2018. A pretrial conference will be scheduled thereafter.

SO ORDERED.

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: September 18, 2018
Brooklyn, New York