Docket No. 14 CV 1214 (PKC)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KENDRA HARRIS,

Plaintiff,

-against-

POLICE   OFFICER   SHARTISIA   LEWIS;
DETECTIVE VANESSA CARPENTER,

Defendants.

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS'
## MOTIONS *IN LIMINE*

***GEORGIA M. PESTANA***
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants Police Officer*
*Shartisia Lewis, Detective Vanessa*
*Carpenter*
*100 Church Street, Room 3-209*
*New York, N.Y.  10007*

*Of Counsel:  Nakul Y. Shah*
*Tel:  (212) 356-2375*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ iii

PRELIMINARY STATEMENT ........................................................................... 1

LEGAL STANDARD ........................................................................................... 2

ARGUMENT

POINT I

PLAINTIFF SHOULD BE PRECLUDED FROM
REFERRING TO DEFENSE COUNSEL AS
CITY ATTORNEYS ................................................................. 3

POINT II

PLAINTIFF SHOULD BE PRECLUDED FROM
MENTIONING THE CITY OF NEW YORK'S
POTENTIAL INDEMNIFICATION OF
DEFENDANTS ........................................................................ 4

POINT III

PLAINTIFF SHOULD BE PRECLUDED FROM
SUGGESTING A DOLLAR AMOUNT TO THE
JURY ........................................................................................ 6

POINT IV

PLAINTIFF SHOULD BE PRECLUDED
FROM INTRODUCING EVIDENCE
RELATED TO DISMISSED CLAIMS ..................................... 7

POINT V

PLAINTIFF SHOULD BE PRECLUDED FROM
ELICITING EVIDENCE OR SOLICITING
TESTMONY OF NYPD INVESTIGATIONS,
DISCIPLINARY HISTORIES, OR PRIOR
LAWSUITS AGAINST DEFENDANTS .................................. 8

**Page**

POINT VI

PLAINTIFF SHOULD BE PRECLUDED FROM
MENTIONING        NYPD        POLICIES,
PROCEDURES, OR TRAINING...........................................................10

POINT VII

PLAINTIFF SHOULD BE PRECLUDED FROM
CALLING TAMEKA GUNTER AND CLAUDE
FREJUSTE AS WITNESSES................................................................12

POINT VIII

DEFENDANTS RESERVE THEIR RIGHTS TO
FILE SUPPLEMENTAL MOTIONS IN LIMINE................................14

CONCLUSION..........................................................................................................15

# TABLE OF AUTHORITIES

**Cases**      **Pages**

Ashley v. Civil,
   No. 14 CV 5559 (NGG) (SMG), 2019 U.S. Dist. LEXIS 56006
   (E.D.N.Y. Apr. 1, 2019)............................................................................................3

Banushi v. Police Officer Alvin L. Palmer Shield No. 04009 & Equashia Allen,
   No. 08-CV-2937 (KAM), 2011 U.S. Dist. LEXIS 419
   (E.D.N.Y. Jan. 4, 2011) ...........................................................................................2

Consorti v. Armstrong World Indus.,
   72 F.3d 1003 (2d Cir. 1995),
   as amended (Dec. 22, 1995),
   cert. granted, judgment vacated sub nom. Consorti v. Owens-Corning
   Fiberglas Corp., 518 U.S. 1031 (1996).....................................................................6

Davis v. City of New York,
   296 F.R.D. 127 (E.D.N.Y. 2013) ..............................................................................4

Desmond v. City of New York,
   88 N.Y.2d 455, 669 N.E.2d 472, 646 N.Y.S.2d 492 (1996)....................................12

Edwards v. City of New York,
   No. 08 CV 2199 (TLM), 2011 U.S. Dist. LEXIS 75300
   (E.D.N.Y. July 13, 2011) ..........................................................................................5

Figueroa v. Boston Sci. Corp.,
   No. 00 CV 7922 (DC), 2003 U.S. Dist. LEXIS 10936
   (S.D.N.Y. June 25, 2003)..........................................................................................9

Galapo v. City of New York,
   95 N.Y.2d 568 (N.Y. 2000) ....................................................................................11

Huddleston v. United States,
   485 U.S. 681 (1988)..............................................................................................8-9

Jaquez v. Flores (In re Estate of Jaquez),
   2016 U.S. Dist. LEXIS 34521 (S.D.N.Y. Mar. 17, 2016) ....................................4, 6

Jean-Laurent v. Wilkinson,
   No. 05 CV 583 (VM), 2009 U.S. Dist. LEXIS 20472
   (S.D.N.Y. Mar. 13, 2009) ..........................................................................................5

Lombardo v. Stone, et al.,
   No. 99 CV 4603 (SAS), 2002 U.S. Dist. LEXIS 1267 (S.D.N.Y. 2002) .................9

**Cases**                                                                                          **Pages**

Lubecki v. City of New York,
    758 N.Y.S.2d at 617 (App. Div. 2003) ...................................................................11

Luce v. United States,
    469 U.S. 38 (1984)...........................................................................................................2

McGuire v. Bridgeport & Port Jefferson Steamboat Co.,
    No. 00 CV 5951 (WK), 2001 U.S. Dist. LEXIS 19753
    (S.D.N.Y. Nov. 29, 2001) .................................................................................................5

Provost v. Newburgh,
    262 F.3d 146 (2d Cir. 2001).............................................................................................5

Richmond v. General Nutrition Ctrs., Inc.,
    No. 08 CV 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070
    (S.D.N.Y. Mar. 9, 2012) ..................................................................................................9

Romero v. County of Lake,
    60 F.3d 702 (10th Cir. 1995) .........................................................................................10

Schumer v. Caplin,
    241 N.Y. 346, 150 N.E. 139 (1925)...............................................................................11

Simpson v. City of New York,
    No. 12 Civ. 6577 (KBF), 2015 U.S. Dist. LEXIS 138723
    (S.D.N.Y. Oct. 9, 2015) ...........................................................................................2, 3, 4

Smith v. City of New York,
    No. 12 CV 4922 (NRB), 2015 U.S. Dist. LEXIS 102669
    (S.D.N.Y. Aug. 5, 2015) ................................................................................................11

Smith v. Freland,
    954 F.2d 343 (6th Cir. 1992) .........................................................................................10

Stern v. Shammas,
    No. 12-CV-5210 (NGG) (RER), 2015 U.S. Dist. LEXIS 97879
    (E.D.N.Y. July 27, 2015) .................................................................................................4

United States v. Bermudez,
    529 F.3d 158 (2d Cir. 2008).............................................................................................2

United States v. Thorn,
    446 F.3d 378 (2d Cir. 2006).............................................................................................7

**Cases**                                                                    **Pages**

Williams v. McCarthy,
     No. 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151
     (S.D.N.Y. Oct. 25, 2007) ...............................................................................4, 5

**Statutes**

42 U.S.C. § 1983 ...................................................................................1, 7, 10

Fed. R. Civ. P. 26 .........................................................................................12

Fed. R. Civ. P. 26(a) .....................................................................................13

Fed. R. Evid. 401 .....................................................................................2, 10

Fed. R. Evid. 402 .........................................................................2, 10, 11, 12

Fed. R. Evid. 403 ..............................................................2, 7, 9, 10, 12

Fed. R. Evid. 404(b) ..................................................................................8, 9

Fed. R. Evid. 411 ...........................................................................................5

Fed. R. Evid. 608 .........................................................................................10

Fed. R. Evid. 609 .........................................................................................10

**Other Authorities**

18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
     Federal Practice & Procedure § 4478 (1981) ...........................................7

McCormick § 168; Annot., 4 A.L.R.2d 761 ...................................................5

## PRELIMINARY STATEMENT

Plaintiff Kendra Harris brings this civil action pursuant to 42 U.S.C. § 1983 against the City of New York, New York City Police Department, New York City Police Officer Shartisia Lewis, Detective Vanessa Carpenter, and Police Officer James Gebbia, alleging claims of false arrest, excessive force, unlawful strip search, and municipal liability.  Only plaintiff's false arrest claim against Officer Lewis, and unlawful strip search claim against Officer Lewis and Detective Carpenter, remain for trial.  Specifically, plaintiff alleges that on March 28, 2013, she was unlawfully arrested during a traffic stop, and was subsequently subjected to an unlawful strip search.  Defendants contend that there was probable cause for plaintiff's arrest, and plaintiff did not undergo a strip search.

Trial is scheduled to commence in this matter before the Honorable Pamela K. Chen, United States District Judge for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, on November 18, 2019.  Defendants, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in support of their motion seeking the following *in limine* relief: (1) Plaintiff should be precluded referring to defense counsel as "City attorneys;" (2) Plaintiff should be precluded mentioning the City of New York's possible indemnification of defendants; (3) Plaintiff should be precluded from suggesting a dollar amount to the jury; (4) Plaintiff should be precluded from introducing evidence related to dismissed claims; (5) Plaintiff should be precluded from eliciting evidence or soliciting testimony of NYPD investigations, disciplinary histories, or prior lawsuits against defendants; (6) Plaintiff should be precluded from mentioning NYPD policies, procedures, or training; and (7) Plaintiff should be precluded from calling Tameka Gunter and Claude Frejuste

as witnesses.  For the reasons set forth herein, defendants respectfully request that their motions *in limine* be granted in their entirety.

## LEGAL STANDARD

The purpose of a motion *in limine* is to allow the trial court to rule on the admissibility and relevance of certain anticipated evidence before that evidence is introduced at trial.  Simpson v. City of New York, No. 12 Civ. 6577 (KBF), 2015 U.S. Dist. LEXIS 138723, at *2 (S.D.N.Y. Oct. 9, 2015) (citing Luce v. United States, 469 U.S. 38, 40 n.2 (1984)).  Evidence that is not relevant is inadmissible.  FED. R. EVID. 402.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  FED. R. EVID. 401.  The Court's determination of what constitutes relevant—and thereby admissible—evidence should be "guided by the nature of the claims and defenses presented."  Banushi v. Police Officer Alvin L. Palmer Shield No. 04009 & Equashia Allen, No. 08-CV-2937 (KAM), 2011 U.S. Dist. LEXIS 419, at *3-4 (E.D.N.Y. Jan. 4, 2011).  In addition to relevancy, admissibility turns on the probative value and prejudicial nature of the evidence in question.  Simpson, 2015 U.S. Dist. LEXIS 138723, at *2.  Evidence may be excluded if "its probative value is substantially outweighed by a danger […] [of] unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403. The Court has "discretion to balance probative value against possible prejudice" under Rule 403. United States v. Bermudez, 529 F.3d 158, 161 (2d Cir. 2008) (citation omitted).

2

## ARGUMENT

### POINT I

### PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS CITY ATTORNEYS

Defendants respectfully submit that there is no reason for the City of New York to be mentioned at trial. Following the Court's Opinion and Order dated September 18, 2018, the Court dismissed the City of New York as a defendant in this action. (See ECF No. 45.) Defendants Officer Lewis and Detective Carpenter are entitled to a trial where the jury weighs the evidence without any undue consideration as to whether any potential judgment may be paid for by the City of New York. Given that potential prejudice, and particularly because the City of New York is no longer a party to this action, the Court should preclude plaintiff from referring to the City of New York in this action, which includes informing the jury that the attorneys for defendants are "City Attorneys." This request is a "standard request in these types of actions," and the concerns underlying this request are "valid." Simpson v. City of New York, No. 12 Civ. 6577 (KBF), 2015 U.S. Dist. LEXIS 138723, at *16 (S.D.N.Y. Oct. 9, 2015).

As an initial matter, any reference to defense counsel as "City Attorneys" would be inaccurate as the City is no longer a party. Furthermore, referring to defense counsel as "City Attorneys" is prejudicial to defendants as it creates the impression that the City—a "deep pocket"—will likely pay any potential verdict against the defendants. See Ashley v. Civil, No. 14 CV 5559 (NGG) (SMG), 2019 U.S. Dist. LEXIS 56006, at *28-29 (E.D.N.Y. Apr. 1, 2019) (evidence regarding indemnification would be prejudicial against the individual defendants because it might "encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill") (internal citation omitted)).

3

Under this misconception, the jury may not "critically" assess liability or damages.  Simpson, 2015 U.S. Dist. LEXIS 138723, at *16.

Additionally, "[a] reference to 'Corporation Counsel' may itself be misunderstood by jurors as suggesting some association with a corporation or the City, leading to the same associations with a deep pocket" and, therefore, should similarly be avoided.  See Jaquez v. Flores (In re Estate of Jaquez), 2016 U.S. Dist. LEXIS 34521, at *6 (S.D.N.Y. Mar. 17, 2016) (citing cases); see also Davis v. City of New York, 296 F.R.D. 127, 130 (E.D.N.Y. 2013) (granting defendants' motion to "preclude any reference to defense counsel as employees of the City of New York or 'City attorneys'").  To offset this potential prejudice, defendants respectfully propose that defense counsel simply be identified as "defense counsel."  At the very minimum, courts have routinely permitted defense counsel to be referred to as attorneys from the Corporation Counsel.  See Stern v. Shammas, No. 12-CV-5210 (NGG) (RER), 2015 U.S. Dist. LEXIS 97879, at *41 (E.D.N.Y. July 27, 2015); see also Williams v. McCarthy, No. 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151, at *24-25 (S.D.N.Y. Oct. 25, 2007).  Accordingly, plaintiff should be precluded from referring to defense counsel as "City Attorneys."

### POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING THE CITY OF NEW YORK'S POTENTIAL INDEMNIFICATION OF DEFENDANTS

Plaintiff should be precluded from mentioning or offering any evidence that the City of New York *may* indemnify the defendants, as such evidence or arguments lack any evidentiary value and unduly prejudices the defendants.

If the jury is permitted to assume that the City of New York will pay a judgment, the jury may not carefully assess issues of liability, as it may create the impression for the jury

that any potential verdict against the defendants would be paid by the City of New York, which is commonly viewed as a "deep pocket" for the purposes of any potential judgment. This unfortunate prejudice is precisely the concern that motivated the drafters of the Federal Rules of Evidence to include Rule 411, which prohibits the admission of evidence of a defendant's liability insurance. See Fed. R. Evid. 411 Advisory Committee's Note ("More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds. McCormick § 168; Annot., 4 A.L.R.2d 761").

Moreover, evidence of the City's potential indemnification should be precluded because it is not relevant. See Edwards v. City of New York, No. 08 CV 2199 (TLM), 2011 U.S. Dist. LEXIS 75300, at *14-15 (E.D.N.Y. July 13, 2011) ("Indemnification is not relevant to any issue before the jury and plaintiff will not be permitted to inform the jury that defendant might be indemnified by the City"); Jean-Laurent v. Wilkinson, No. 05 CV 583 (VM), 2009 U.S. Dist. LEXIS 20472, at *8 (S.D.N.Y. Mar. 13, 2009) (precluding plaintiff from mentioning City's potential indemnification of officers); Williams v. McCarthy, No. 05 CV 10230 (SAS), 2007 U.S. Dist. LEXIS 79151, at *24-25 (S.D.N.Y. Oct. 25, 2007) (precluding admission at trial of evidence of potential indemnification of defendant police officers by the City of New York on relevancy grounds)(internal citations omitted). See also McGuire v. Bridgeport & Port Jefferson Steamboat Co., No. 00 CV 5951 (WK), 2001 U.S. Dist. LEXIS 19753, at *4 (S.D.N.Y. Nov. 29, 2001) (finding indemnification evidence not relevant at trial); Provost v. Newburgh, 262 F.3d 146, 164 (2d Cir. 2001) (holding that it was improper for the district court to instruct the jury to consider the individual defendant's ability to pay in determining punitive damages aware where the defendant did not offer evidence of his financial resources at trial).

Based on the foregoing, defendants respectfully submit that plaintiff should be precluded from mentioning the possible indemnification of the defendant officers by the City of New York at trial.

## POINT III

## PLAINTIFF SHOULD BE PRECLUDED FROM SUGGESTING A DOLLAR AMOUNT TO THE JURY

Suggesting dollar amounts for damages is disfavored in the Second Circuit and plaintiff should not be permitted to do so here.  "While the Second Circuit has not entirely prohibited trial attorneys from suggesting a particular damages figure to the jury, it has repeatedly expressed its concern about the practice."  Jaquez v. Flores (In re Estate of Jaquez), 2016 U.S. Dist. LEXIS 34521, at *9 (S.D.N.Y. Mar. 17, 2016) (citing cases).  "Such suggestions anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. . . .  A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent.  Specific proposals have a real potential to sway the jury unduly."  Consorti v. Armstrong World Indus., 72 F.3d 1003, 1016 (2d Cir. 1995), as amended (Dec. 22, 1995), cert. granted, judgment vacated sub nom. Consorti v. Owens-Corning Fiberglas Corp., 518 U.S. 1031 (1996).  The concerns regarding suggesting dollar amounts are amplified in this case as plaintiff will be unable to present evidence for any specific amount of damages.  Given the concerns expressed by the Second Circuit, and the fact that plaintiff does not have concrete evidence for a specific number, the Court should preclude plaintiff from suggesting a specific dollar amount to the jury.

**POINT IV**

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE RELATED TO DISMISSED CLAIMS**

By Order dated September 18, 2018, the Court dismissed, with prejudice, plaintiff's § 1983 claims of excessive force, deliberate indifference based on alleged denial of a post-arrest phone call, failure to intervene, deprivation of property, municipal liability, all state law claims, and all claims against Lt. Gebbia.  (Civil Docket Entry No. 45.)  The Court's September 18, 2018 Order is the law of the case and these claims should not be re-litigated at trial.  See generally United States v. Thorn, 446 F.3d 378, 383 (2d Cir. 2006) ("The law of the case doctrine counsels against revisiting our prior rulings in subsequent stages of the same case absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (citation omitted); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478, at 788 (1981) ("Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.").

Furthermore, to permit Plaintiff to introduce evidence or testimony regarding the claims previously dismissed by the Court would be unduly prejudicial as defendants will prepare for trial in reliance on the fact that there are only two claims to be tried, plaintiff's claim of false arrest and an unlawful strip search.  See Fed. R. Evid. 403.  In addition, allowing evidence or testimony on claims previously advanced by plaintiff, and now dismissed, would confuse the issues and could result in an unfair or inconsistent verdict.  The Court, therefore, should preclude

7

plaintiff from introducing evidence or eliciting testimony regarding claims and damages that have been previously withdrawn or dismissed as not relevant.

For example, plaintiff's proposed Exhibit 2, "Property Voucher Form 3000199138: plaintiff's cellphone," is only relevant to plaintiff's deprivation of property claim. Since the Court dismissed plaintiff's deprivation of property claim, plaintiff should not be permitted to offer this document into evidence. Doing so may result in jury confusion and unduly prejudice the defendants, if the jury awards plaintiff for the damages related to the alleged deprivation of plaintiff's cellphone.

For the foregoing reasons, plaintiff should be precluded from raising dismissed claims at trial or introducing evidence or testimony concerning those dismissed claims.

**POINT V**

**PLAINTIFF SHOULD BE PRECLUDED FROM ELICITING EVIDENCE OR SOLICITING TESTMONY OF NYPD INVESTIGATIONS, DISCIPLINARY HISTORIES, OR PRIOR LAWSUITS AGAINST DEFENDANTS**

Plaintiff should be precluded from inquiring about any investigations, disciplinary histories, and/or civil rights actions which have been filed against the defendants because such questioning is in direct conflict with Federal Rule of Evidence 404(b).

Rule 404(b) states that evidence of past acts "to prove the character of a person in order to show action in conformity therewith . . ." is inadmissible. Under Rule 404(b), evidence of past acts are only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ." However, evidence of prior bad acts is not automatically admissible simply because the proponent has articulated some not-for-character purpose. As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688

8

(1988), the decision to admit evidence under Rule 404(b) also depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Thus, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the "exceptions" provided by the Rule; and second, even if it does, a balancing test under Rule 403, of whether the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice.  Lombardo v. Stone, et al., No. 99 CV 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *8 (S.D.N.Y. 2002); see also Advisory Committee Notes to Fed. R. Evid. 404(b).

Similarly, any documents related to prior, unrelated civil lawsuits against defendants should be precluded under Rule 404(b) and 403.   The probative value of mentioning or introducing documents related to the defendants' prior, unrelated civil lawsuits is substantially outweighed by the prejudicial effect that such evidence could have, and its potential to confuse the jury under Federal Rule of Evidence 403.  See Richmond v. General Nutrition Ctrs., Inc., No. 08 CV 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070, at *31 (S.D.N.Y. Mar. 9, 2012) (precluding the introduction of evidence of lawsuits against defendant because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims."); see also Figueroa v. Boston Sci. Corp., No. 00 CV 7922 (DC), 2003 U.S. Dist. LEXIS 10936, at *11 (S.D.N.Y. June 25, 2003) (finding that the probative value of introducing evidence of other lawsuits is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time.").

Finally, whether defendants were the subject of unsubstantiated allegations of misconduct, or prior civil lawsuits that did not result in liability, should not be admitted as evidence for lack of credibility under Rule 608 or 609 as it is not probative of the officers' character for truth.  Accordingly, plaintiff should be precluded from inquiring into defendants' disciplinary histories, disciplinary investigations, or prior civil rights actions.

**POINT VI**

**PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING NYPD POLICIES, PROCEDURES, OR TRAINING**

Plaintiff should be precluded from referring to and offering any evidence of NYPD policies, procedures, or training.  Alleged violations of NYPD policies, procedures, training by the defendants are irrelevant to the determination of whether plaintiff's constitutional rights were violated. See Fed. R. Evid. 402, 403.  Further, plaintiff does not have a claim against the City of New York for municipal liability.

As an initial matter, the standards set forth as NYPD policy, procedure, and training are merely guidelines established by the agency, and are not the standards of the United States Constitution.  In light of plaintiff's claim that her constitutional rights were violated, whether any NYPD guidelines were followed to the letter, is irrelevant to the determination of whether plaintiff's constitutional rights were violated.  See Fed. R. Evid. 401, 402; see also Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); Romero v. County of Lake, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally

10

do not give rise to a 1983 claim"); <u>Galapo v. City of New York</u>, 95 N.Y.2d 568, 574-75 (N.Y. 2000) (NYPD Patrol Guide should be excluded from evidence because it does not create legal duties).  Since NYPD policy, procedure, or training do not create legal duties, it is irrelevant to the determination of whether plaintiff's constitutional rights were violated and should therefore be precluded under Fed. R. Evid. 402.

Additionally, any reference to alleged "violations" of NYPD procedure, meaning that defendants did not follow the exact guidelines, would only confuse the jury.  The jury will be called upon to determine whether defendants violated plaintiff's constitutional rights.  If the jury is presented with the NYPD patrol guide or procedure, it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate defendants' alleged unconstitutional actions, notwithstanding a contrary instruction from the Court.  It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights.

Furthermore, even if the NYPD procedure were relevant to the jury's determination and would not confuse the jury, it should still be excluded because it would not cogently advance the jury's analysis of whether plaintiff suffered an *intentional* constitutional violation.  As the Court in <u>Smith v. City of New York</u> cautioned, "the Patrol Guide does not establish a legal duty beyond the common law's 'reasonable person' standard, and that a Patrol Guide violation does not give rise to a presumption of negligence."  No. 12 CV 4922 (NRB), 2015 U.S. Dist. LEXIS 102669, at *10 n.5 (S.D.N.Y. Aug. 5, 2015), <u>citing</u>  <u>Lubecki v. City of New York</u>, 758 N.Y.S.2d at 617 (App. Div. 2003); <u>Schumer v. Caplin</u>, 241 N.Y. 346, 150 N.E. 139 (1925) (holding that the violation of an administrative rule is only "some evidence of

negligence"); <u>cf.</u> <u>Desmond v. City of New York</u>, 88 N.Y.2d 455, 464-65, 669 N.E.2d 472, 477, 646 N.Y.S.2d 492 (1996) (holding that an internal NYPD policy does not constitute a "requirement" that would support a police officer's statutory claim). Surely, if a purported violation of NYPD procedure, policy, or training violation does not give rise to a presumption of mere *negligence*, it will not meet the bar of *intentional* conduct required for a civil rights violation.

Finally, as plaintiff's claims against the City of New York were dismissed pursuant to the Court's Order dated September 18, 2018 (ECF No. 45), any evidence offered by plaintiff as to NYPD policy, procedure, or training would be, for the abovementioned reasons, irrelevant, confuse the jury, and waste time. <u>See</u> Fed. R. Evid. 402. Accordingly, any reference to NYPD procedure, policy, or training, should be precluded pursuant to Fed. R. Evid. 402 and 403.

**POINT VII**

**PLAINTIFF SHOULD BE PRECLUDED FROM CALLING TAMEKA GUNTER AND <u>CLAUDE FREJUSTE AS WITNESSES</u>**

In the Joint Pretrial Order, plaintiff lists Tameka Gunter and Claude Frejuste as witnesses. Upon information and belief, these individuals were present during plaintiff's arrest on March 28, 2013. As set forth below, however, these witnesses should be precluded because they were not identified as potential witnesses during discovery pursuant to Fed. R. Civ. P. 26, or in response to Defendants' First Set of Interrogatories and Requests for the Production of Documents.

Plaintiff should be precluded from calling Tameka Gunter and Claude Frejuste as witnesses in a trial of this matter. On July 1, 2016, plaintiff served defendants with Plaintiff's

12

Initial Disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.  In plaintiff's initial disclosures, plaintiff failed to include Tameka Gunter or Claude Frejuste as individuals likely to have discoverable information that plaintiff may use to support her claims or defenses. (Plaintiff's Initial Disclosures Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, dated July 1, 2016 ("Plaintiff's Initial Disclosures"), annexed to the Shah Decl. as Exhibit "A").

Subsequently, on September 23, 2016, defendants served plaintiff with Defendants' First Set of Interrogatories and Requests for the Production of Documents. (Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff, served on plaintiff's counsel on September 23, 2016 ("Defendants' Interrogatories"), annexed to the Shah Decl. as Exhibit "B").  Defendants' Interrogatory No. 1 directed plaintiff to identify all persons who witnessed, were present at, or have knowledge of the Incident.  In response, on October 31, 2016, plaintiff set forth, "all individuals in Defendants' Rule 26(a) Initial Disclosures and NYPD Defendants."   (Plaintiff's Responses to Defendants' First Set of Interrogatories and Request for Production of Documents, served on October 31, 2016 ("Plaintiff's Responses to Defendants' Interrogatories"), annexed to the Shah Decl. as Exhibit "C").  However, upon a review of Defendants' Rule 26(a) Initial Disclosures, served on August 9, 2016, defendants did not identify Tameka Gunter or Claude Frejuste as individuals who are likely to have discoverable information that the disclosing party may use to support its claims or defenses.  (Defendants' Initial Disclosures Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, served on August 9, 2016 ("Defendants' Initial Disclosures"), annexed to the Shah Decl. as Ex. "D").  As such, plaintiff should be precluded from calling these previously-undisclosed witnesses at trial, as plaintiff has made no effort to identify these individuals prior to submission of the Joint Pretrial Order in this matter.

Accordingly, it would be prejudicial to defendants for plaintiff to be permitted to call witnesses whom she did not disclose during discovery, and they should be precluded from a trial of this matter.

### POINT VIII

### DEFENDANTS RESERVE THEIR RIGHTS TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE*

Defendants respectfully reserve their right to object to any *in limine* motions submitted by plaintiff and to file supplemental motions *in limine*.  Defendants further respectfully reserve their right to object and file motions *in limine* with respect to any of plaintiff's witnesses or exhibits.

## CONCLUSION

For the foregoing reasons, defendants Police Officer Shartisia Lewis and Detective Vanessa Carpenter respectfully request that the Court grant their motions in its entirety, together with such other and further relief as the Court deems just.

Dated:        New York, New York
              September 3, 2019

                              GEORGIA M. PESTANA
                              Acting Corporation Counsel
                                  of the City of New York
                              *Attorney for Defendants Police Officer Shartisia*
                              *Lewis, Detective Vanessa Carpenter*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2375

                              By:              /s/
                                   _____
                                   Nakul Y. Shah
                                   Assistant Corporation Counsel
                                   Special Federal Litigation Division

TO:     Robert Marinelli, *Attorney for Plaintiff*
        305 Broadway, 9th Floor
        New York, NY 10007 (by ECF)

        Gregory William Zenon, *Attorney for Plaintiff*
        Law Office of Gregory Zenon
        30 Wall Street, 8th Floor
        New York, NY 10005 (by ECF)

15