UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KENDRA HARRIS

       Plaintiff,

  -against-          16-CV-1214 (PKC) (JO)

City of New York, et al.,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFFS' MOTION IN LIMINE**

<u>Attorneys for Plaintiffs:</u>

Robert Marinelli, Esq.
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

Gregory Zenon, Esq.
30 Wall Street 8 Floor
New York, New York 10005
(212) 380-8582

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | 3 |
| PRELIMINARY STATEMENT | 4 |
| ARGUMENT | 5 |
| POINT I | 5 |
| DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING PLAINTIFFS' OTHER CONTACTS WITH LAW ENFORCEMENT | |
| CONCLUSION | 8 |

## TABLE OF AUTHORITIES

|  | Page |
|---|---|
| Fed. R. Evid. 609 | 5 |
| Fed. R. Evid. 402 | 5, 6 |
| Fed. R. Evid. 401 | 6 |
| Fed. R. Evid. 403 | 6 |
| *In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 4410008 (S.D.N.Y. Aug. 18, 2016) | 6 |
| *United States v. White*, 692 F.3d 235 (2d Cir. 2012) | 6 |
| *United States v. Matera*, 489 F.3d 115 (2d Cir. 2007) | 6 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KENDRA HARRIS,                                    Plaintiffs' Pretrial Submissions
                                                  Concerning Matters To Be
                    Plaintiff,                 Resolved *in Limine*

      -against-

THE CITY OF NEW YORK, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## PRELIMINARY STATEMENT

Plaintiff respectfully submits this Memorandum of Law in support of her motion *in limine*, by which she seeks to preclude or otherwise limit the introduction of certain evidence that defendants may seek to utilize at the upcoming trial of this matter. More precisely, as set forth herein, plaintiff seeks to preclude the defendants from introducing:

    I.    Defendants should be precluded from introducing evidence concerning plaintiff's other contacts with law enforcement;

Plaintiff is aware that the Court addresses general issues of foundation and relevancy at trial, and reserves the right to object to lines of questioning or the introduction of evidence on such grounds, or any other grounds, depending on the facts and record before the Court at the time.

4

## ARGUMENT

## POINT I

### DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE CONCERNING PLAINTIFFS' OTHER CONTACTS WITH LAW ENFORCEMENT

In alignment with the Court's Discussion during the Initial Pretrial Conference held on 2/26/2019, the defendants should be precluded from seeking to introduce evidence concerning plaintiff's prior arrests, stops, and other contact with law enforcement that did not result in a conviction that would otherwise be admissible under Fed. R. Evid. 609. Such evidence has no probative value with respect to the claims or defenses at issue, but is unduly prejudicial in that such contacts suggest that the plaintiff is not a law-abiding citizen, that she is properly considered lawless, and otherwise encourages jurors to reach (erroneous) conclusions about the character of the plaintiff, which could surely influence the outcome of this case without adding valid basis.

Plaintiff has no criminal record, and defendants have introduced to date no evidence that plaintiff has had any prior contacts with law enforcement. However, plaintiff has been questioned by police in her past regarding housing issues, family issues, and domestic issues. None of them resulted in criminal convictions. None of them should be allowed into evidence in any form.

It is well settled that district courts have broad discretion to resolve evidentiary issues presented in motions in limine in advance of trial. Under Rule 402 of the Federal Rules of Evidence, 'relevant' evidence is admissible unless prohibited by rule, statute, or constitutional provision. See Fed. R. Evid. 402. Pursuant to Rule 401, evidence is relevant if it 'has any tendency to make a [consequential] fact more or less probable than it would be without the

evidence.' Fed. R. Evid. 401(a). Finally, to the extent relevant here, Rule 403 prevents the admission of otherwise relevant evidence whose 'probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.' Fed. R. Evid. 403." *In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 4410008, at *1 (S.D.N.Y. Aug. 18, 2016).

Hence, to be admissible, under Rules 401 and 403, evidence must be both (1) relevant and (2) not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012); *see also United States v. Matera*, 489 F.3d 115, 121 (2d Cir. 2007) ("The district court is commanded by Rule 403 to weigh the probative value against the unfair prejudice."). The evidence at issue here fails both tests.

Here, the record before this Court is clear: plaintiff was seized, handcuffed, arrested, and then transported to a local area station house for processing during which she was strip searched, all without legitimate cause or reason . In further proof thereof, the Kings County District Attorney declined to prosecute and the plaintiff was released from custody. Plaintiff claims her arrest and subsequent treatment by the police were unsupported by probable cause, a position with which defendants disagree.

The fact that plaintiff may have encountered police officers on any other occasion, or been accused of an unrelated crime on an unrelated date, does not make any of the parties' factual or legal claims more or less probable. To the extent that the defendants may claim that plaintiff's prior questionings might somehow provide a jury with guidance as to damages, such arguments should be given no weight.

In this case, the emotional distress that the plaintiff, or any other person, would feel as a result of being unexpectedly arrested for a crime that they did not commit, and then being held in custody and subjected to a strip search, for approximately more than 30 hours, in full anticipation of facing felony charges, is not an event that can reasonably be modulated upward or downward based on each plaintiff's prior encounters with law enforcement. Put differently, the fact that plaintiff had been questioned by police before does not diminish the emotional distress, embarrassment, stress, and anxiety that this arrest inflicted, and certainly has no bearing on the deprivation of her liberty.

Even if there were some probative value to any of the evidence concerning plaintiff, the prejudice that would flow from admitting this evidence far outweighs its limited value. The thrust of this evidence – arguably the real reason why defendants would seek to admit it in the first instance – is that plaintiff is the type of person who commits crimes, who should be considered criminal, and whom the jury should find against. Not because the evidence warrants a defense verdict, but because plaintiff is not the sort of person a good jury ought to compensate. The actual evidence does not support such draconian and extreme perspectives, but by suggesting that plaintiffs is the sort of person often at odds with law enforcement, the defendants are soliciting without basis the jury's worst prejudices and fears, without good reason for such evidence to be admitted in the first place.

Accordingly, the defendants should be precluded from offering any evidence of the plaintiff's prior encounters with law enforcement.

## **CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court grant the relief requested herein in all respects, and for all other relief that this Court deems necessary and appropriate.

Dated: New York, New York
　　　　2 September 2019

　　　　　　　　　　　　　　　　　　　Gregory Zenon, Esq.
　　　　　　　　　　　　　　　　　　　LAW OFFICE OF GREGORY ZENON
　　　　　　　　　　　　　　　　　　　30 Wall Street 8FL
　　　　　　　　　　　　　　　　　　　New York, New York 10005
　　　　　　　　　　　　　　　　　　　(212) 380-8582

　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　By: Gregory Zenon Esq.


　　　　　　　　　　　　　　　　　　　Robert Marinelli Esq.
　　　　　　　　　　　　　　　　　　　305 Broadway, Suite 1001
　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　(212) 822-1427

　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　By: Robert Marinelli, Esq.