Docket No. 16 CV 1214 (PKC)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KENDRA HARRIS,

                                                Plaintiff,

-against-

POLICE OFFICER SHARTISIA LEWIS;
DETECTIVE VANESSA CARPENTER,

                                                Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS IN *LIMINE***

*GEORGIA M. PESTANA*
*Acting Corporation Counsel of the City of New York*
   *Attorney for Defendants Police Officer Shartisia Lewis, Detective Vanessa Carpenter*
   *100 Church Street, Room 3-209*
   *New York, N.Y. 10007*

   *Of Counsel: Nakul Y. Shah*
   *Tel: (212) 356-2375*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 1

      POINT I ....................................................................................................................... 1

            DEFENDANTS SHOULD BE PERMITTED TO CROSS-EXAMINE PLAINTIFF REGARDING HER PRIOR CONTACTS WITH LAW ENFORCEMENT TO REBUT HER CLAIM FOR EMOTIONAL DAMAGES ........................................................................... 1

CONCLUSION ......................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Pages**

Banushi v. P.O. Palmer,
   No. 08 Civ. 2937 (KAM),
   2011 U.S. Dist. LEXIS 419 (E.D.N.Y. Jan. 4, 2011) ................................................................2

Cicero v. City of New York,
   11 Civ. 360 (NGG) (CLP),
   2011 U.S. Dist. LEXIS 80880 (E.D.N.Y. July 25, 2011) ..........................................................2

Phillips v. City of New York,
   871 F. Supp. 2d 200 (E.D.N.Y. 2012) ......................................................................................2

Picciano v. McLoughlin,
   No. 07 Civ. 0781 (GTS),
   2010 U.S. Dist. LEXIS 114704 (N.D.N.Y. Oct. 28, 2010) .......................................................2

Ramos v. County of Suffolk,
   707 F. Supp. 2d 421 (E.D.N.Y. 2010) ......................................................................................3

Wilson v. City of New York,
   No. 06 Civ. 229 (ARR),
   2006 U.S. Dist. LEXIS 90050 (E.D.N.Y. Dec. 13, 2006) ..................................................... 1-2

Wisdom v. Undercover Police Officer #C0127,
   879 F. Supp. 2d 339 (E.D.N.Y. 2012) ......................................................................................2

**Statutes**

N.Y. Gen. Mun. Law § 50-(h) ................................................................................................... 2-3

**PRELIMINARY STATEMENT**

Plaintiff Kendra Harris moved *in limine* to preclude defendants from introducing evidence concerning her prior contacts with law enforcement. Defendants should be permitted to inquire into plaintiff's prior interactions with law enforcement, however, because plaintiff has put her prior interactions with law enforcement at issue in this matter, as she seeks to have the jury find that, as a result of the alleged incident, she suffered emotional injuries. For the reasons set forth herein, defendants respectfully request that the Court deny plaintiff's motions *in limine* in their entirety.

**ARGUMENT**

**POINT I**

**DEFENDANTS SHOULD BE PERMITTED TO CROSS-EXAMINE PLAINTIFF REGARDING HER PRIOR CONTACTS WITH LAW ENFORCEMENT TO REBUT HER CLAIM FOR EMOTIONAL DAMAGES**

In the instant matter, plaintiff is claiming emotional damages as a result of her March 28, 2013 arrest. Plaintiff's history of law enforcement contacts, however, belies any such claim for emotional injury. As such, defendants should be permitted to refute and mitigate plaintiff's claim for emotional injuries with evidence that she has been arrested before the incident, and rebut and mitigate her claim that she suffered embarrassment as a result of the this incident. As noted below, based on plaintiff's own admission, plaintiff has been arrested on at least two prior occasions and has spent time in police custody.

Courts in this Circuit frequently permit inquiry into a plaintiff's arrest history for the purposes of attacking claims of emotional damages. Courts have reasoned that, "one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained." Wilson v. City of New York, No. 06 Civ. 229 (ARR), 2006 U.S.

Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006); see also Banushi v. P.O. Palmer, No. 08 Civ. 2937 (KAM), 2011 U.S. Dist. LEXIS 419, at *7-9 (E.D.N.Y. Jan. 4, 2011) ("Because a plaintiff who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained . . . defendants may inquire into plaintiff's past arrests and incarcerations during the damages phase of the trial.") (internal citations and quotation marks omitted).

"Furthermore, the probative value of arrest history evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Banushi, 2011 U.S. Dist. LEXIS 419, at *7-9 (internal quotations omitted) (citing Picciano v. McLoughlin, No. 07 Civ. 0781 (GTS), 2010 U.S. Dist. LEXIS 114704, at *7 (N.D.N.Y. Oct. 28, 2010)); see also Wisdom v. Undercover Police Officer #C0127, 879 F. Supp. 2d 339, 342 (E.D.N.Y. 2012) (finding that evidence of plaintiff's prior arrests was relevant to the issue of damages.) (citing Cicero v. City of New York, 11 Civ. 360 (NGG) (CLP), 2011 U.S. Dist. LEXIS 80880 (E.D.N.Y. July 25, 2011)); Phillips v. City of New York, 871 F. Supp. 2d 200, 207 (E.D.N.Y. 2012) ("Plaintiff seeks emotional damages resulting from Defendants' actions. Accordingly, Defendants will be permitted to ask Plaintiff if he has previously been arrested and if he has previously been incarcerated. Defendants may also inquire into the dates and duration of Plaintiff's prior incarcerations."); Ramos v. County of Suffolk, 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010) ("The Court ruled that the fact of the arrest was admissible because it affected the plaintiff's claim for emotional distress damages, but that the reason for the arrest was not admissible.").

Here, plaintiff testified under oath that she has been arrested on at least two prior occasions, and has spent time in police custody. On February 12, 2014, plaintiff testified in a

hearing pursuant to N.Y. GEN. MUN. LAW § 50-(h), in connection with the instant lawsuit. During the 50-(h) hearing, plaintiff was asked the following questions and gave the following answers:

> Question: Have you ever been arrested before?
> Answer: Yes.
> Question: How many times have you been arrested before?
> Answer: I think like twice.

Accordingly, evidence of plaintiff's prior time spent in police custody is both relevant and proper to discuss, and defendants should not be precluded from cross examining plaintiff on it when discussing her claim for emotional damages. See Ramos v. County of Suffolk, 707 F. Supp.2d 421, 424 (E.D.N.Y. 2010) (permitting defendant to question plaintiff about whether she had ever been arrested prior to and after the incident that was the subject of the litigation because the fact of the arrest "affected the plaintiff's claim for emotional distress damages," but precluding defendant from "go[ing] into what the reason for the arrest is").

Based on the foregoing, defendants respectfully submit that they should be permitted to cross-examine plaintiff regarding her prior time spent in police custody.

## **CONCLUSION**

For the foregoing reasons, defendants Police Officer Shartisia Lewis and Detective Vanessa Carpenter respectfully request that the Court deny plaintiff's motions *in limine* in their entirety, together with such other and further relief as the Court deems just.

Dated: New York, New York
September 9, 2019

GEORGIA M. PESTANA
Acting Corporation Counsel
of the City of New York
*Attorney for Defendants Police Officer Shartisia Lewis, Detective Vanessa Carpenter*
100 Church Street
New York, New York 10007
(212) 356-2375

By:     /s/
Nakul Y. Shah
Assistant Corporation Counsel
Special Federal Litigation Division

TO: Robert Marinelli, *Attorney for Plaintiff*
305 Broadway, 9th Floor
New York, NY 10007 (by ECF)

Gregory William Zenon, *Attorney for Plaintiff*
Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, NY 10005 (by ECF)