UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KENDRA HARRIS
                       Plaintiff,

        -against-                      **16-CV-1214 (PKC) (JO)**

City of New York, et al.,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION IN LIMINE

Gregory Zenon                                         Robert Marinelli, Esq.
The Law Office of Gregory Zenon               305 Broadway, Suite 1001
30 Wall Street, 8th Floor                            New York, NY 10007
New York, New York 10005                     Tel: (212) 822-1427
212.380.8582                                             robmarinelli@gmail.com
zenonlaw@yahoo.com

                                      *Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Plaintiff respectfully submits this Memorandum of Law in opposition to defendants' pretrial submissions concerning matters to be resolved In Limine ("Submissions").

**POINTS I and II**

**DEFENDANTS SEEK PRECLUSION FROM REFERRING TO DEFENSE COUNSEL AS CITY ATTORNEYS AND SUGGESTING THAT THE CITY MAY INDEMNIFY THE OFFICERS**

While this is in alignment with the discussion during the Initial Pretrial Conference held on 26 February 2019, plaintiff respectfully asks that the Court to reconsider its decision based on the foregoing.

The attorneys representing defendants, and the defendants themselves, are all employees of the City. Thus, the notion that plaintiff should not be able to refer to City attorneys representing City employees as the City attorneys is illogical. However, plaintiff will agree not to refer to the City attorneys as such if there is an agreement by all concerned that (a) the City will pay the full amount of any judgments or awards against the individual defendants, and (b) the individual defendants were acting in the scope of employment at all relevant times.

Second, if such an agreement were in place, plaintiff would forego referencing the City of New York, or seeking to elicit testimony or otherwise injecting the City as a party, and would further agree to a verdict sheet and jury charge that omits any question concerning the municipal defendant.

As to indemnification, plaintiff has no intention of raising the issue before the jury, provided that defendants agree that there will be no suggestion that the City will not pay any awarded damages, or imply that the individual officer will be liable for damages or that it is

individual defendant's ability to pay or financial resources which the jury must consider in calculating punitive damages.

**POINT III: DEFENDANTS SEEK TO PRECLUDE PLAINTIFF FROM REQUESTING A SPECIFIC DOLLAR AMOUNT FROM THE JURY**

The Second Circuit has left the decision of whether to allow counsel to suggest specific dollar amounts in their summations to the discretion of the trial judge. The judge "may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." Lightfoot v. Union Carbide Corp., 110 F.3D 898, 912 (2d. Cir. 1997); see also Ramirez v. New York City Off–Track Betting Corp., 112 F.3d 38, 40 (2d Cir.1997) ("[T]his court has not adopted a ban on suggestions of damages amounts."). Judges in the Eastern and Southern District have allowed plaintiff's counsel to suggest dollar amounts to the jury. *See* Saladino v. Stewart & Stevenson Services, Inc., 2011 WL 284476, 01-CV-7644 (SLT)(JMA) (E.D.N.Y. Jan. 26, 2011); Edwards v. City of New York, 2011 WL 2748665, No. 08-2199 (TLM) (E.D..N.Y. 2011); Newton v. City of New York, 171 F.Supp.3d 156 (S.D.N.Y. 2016); TVT Records v. Island Def Jam Music Group, 257 F.Supp.2d 737 (S.D.N.Y. 2003) (permitting plaintiff's counsel from suggesting a specific dollar amount for punitive as well as compensatory damages); Hamilton v. Garlock, Inc., 96 F.Supp.2d 352 (S.D.N.Y. 2000).

Accordingly, plaintiff requests that the Court allow the suggestion to the jury of an appropriate amount in compensation for injuries and to punish the defendants for their wrongful conduct. Any concerns that defendants may have can be alleviated by a curative instruction to the jury, in keeping with the recommendation made by the Second Circuit.

**POINT IV: DEFENDANTS SEEK TO PRECLUDE EVIDENCE AND ARGUMENTS THAT RELATE SOLELY TO CLAIMS THAT HAVE BEEN DISMISSED**

While plaintiff does not intend to introduce legal arguments or legal evidence related to dismissed claims, plaintiff should be allowed to describe what happened in order to complete the narrative and explain to the jury the events as they unfolded.

The discrepancies and inconsistencies in defendants', and the police officer witnesses, paperwork are central to plaintiff's claims of false arrest and an unlawful strip search, especially in a case such as this where a) plaintiff was held for approximately over 30 hours which is far longer than normal or customary and b) the police claim nothing untoward happened to her in all that time and this was just an ordinary arrest process. The entire narrative of her treatment by the police and defendants tells the story of her false arrest and unlawful strip search, including that the police treated her and the other female co-arrestee differently from the two male co-arrestees in the car, including that they confiscated her phone and denied her a phone call. The evidence to which defendants refer all relates back to the narrative of the arrest. Additionally plaintiff was a backseat passenger in a car that wasn't hers and was being driven by one of the male co-arrestees. Moreover, these issues will reflect on defendant's credibility.

In sum, plaintiff should be allowed to describe her mistreatment in full, including the resolution of the criminal proceeding in plaintiff's favor which completes the narrative; withholding this information will only serve to confuse and mislead the jury and create the false impression that plaintiff was convicted of a crime.

**POINT V: DEFENDANTS SEEK TO PRECLUDE MENTION OF ANY EVIDENCE OF THE OFFICERS' DISCIPLINARY HISTORIES OR PRIOR LAWSUITS**

As the parties have discussed and in alignment with the discussion during the Initial Pretrial Conference held on 26 February 2019, an agreement has already been reached that

defendants are to provide such records to plaintiff. At this time a stipulation has been so ordered by the Court and plaintiff awaits the results. Given the possibility of relevant material and the anticipated redactions therein, the parties have been given leave to ask the Court to review in camera an unredacted version of these records and determine whether there is any information relevant to the trial. If the Court determines there is relevant information such will be made available to plaintiff before testimony is taken. Otherwise, plaintiff does not object.

**POINT VI: DEFENDANTS SEEK TO PRECLUDE MENTION OF THE NEW YORK CITY POLICE DEPARTMENT PATROL NYPD POLICIES, PROCEDURES, OR TRAINING**

Plaintiff alleges that defendants' arrest and strip search of plaintiff were unlawful. The procedures performed, the documentation of the circumstances surrounding the arrest, the maintenance of files, and similar issues, are all relevant to defendants' credibility as to whether defendants' falsely arrested plaintiff and subjected her to an unlawful strip search. There are questions about whether defendants deliberately engaged in conduct designed to cover up their actions with the knowledge and understanding that this conduct violated the Patrol Guide and subjected themselves to possible disciplinary proceedings. In the alternative, a simple jury instruction would easily avoid the harms defendants imagine.

**POINT VII: DEFENDANTS SEEK TO PRECLUDE PLAINTIFF FROM CALLING TAMEKA GUNTER AND CLAUDE FREJUSTE AS WITNESSES**

In alignment with the discussion during the Initial Pretrial Conference held on 26 February 2019, plaintiff asks that she be allowed to call Tameka Gunter as a rebuttal witness if defendants put forth the defense that plaintiff was not subjected to a strip search in this case.

## **CONCLUSION**

For the foregoing reasons, this Court should deny defendants' motions as per the above and for all other relief that this Court deems necessary and appropriate.

Dated: 9 SEPTEMBER 2019
New York, New York

Respectfully submitted,

_____/s/_____
Gregory Zenon,
Attorney for Plaintiff

Respectfully submitted,

_____/s/_____
Robert Marinelli,
Attorney for Plaintiff

cc: VIA ECF
Nakul Y. Shah, Esq.
Attorney for Defendants