UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KENDRA HARRIS,

                Plaintiff,

      - against -

POLICE OFFICER SHARTISIA LEWIS and
DETECTIVE VANESSA CARPENTER,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
16-CV-1214 (PKC) (JO)

PAMELA K. CHEN, United States District Judge:

      Before the Court is Defendants' motion *in limine* to preclude Plaintiff from calling Tameka Gunter and Claude Frejuste, two individuals present during Plaintiff's arrest and/or strip search, based on Plaintiff's failure to disclose these individuals as witnesses pursuant to Rule 26 of the Federal Rules of Civil Procedure. (*See* Defendants' Memorandum in Support of Motions *in Limine*, Dkt. 60, at 12–14.) For the reasons stated below, Defendants' motion is denied, although, depending on whether Defendants are able to depose Gunter and Frejuste, Plaintiff might be limited to presenting these witnesses on rebuttal only.

## DISCUSSION

      Rule 26(a) requires parties to provide

> without awaiting a discovery request . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A). Furthermore, Rule 26(e) "also contains a duty to supplement discovery responses if it later becomes known that a response is incorrect or incomplete, unless the information has otherwise been made known to the party during the discovery process." *Bynum*

1

*v. Metro. Transp. Auth.*, No. 01-CV-7945 (CLP), 2006 WL 6555106, at *1 (E.D.N.Y. Nov. 21, 2006) (citing Fed. R. Civ. P. 26(e)).

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "[a] party that fails to disclose information pursuant to Rule 26(a) or 26(e)(1) or that fails to amend a previous response pursuant to Rule 26(e)(2) is not permitted to use such information as evidence, unless there is substantial justification provided for the failure and such failure is harmless." *Id.* (citing Fed. R. Civ. P. 37(c)(1)). "A failure to disclose can be considered harmless, so long as the opposing party has an opportunity to depose the witness before trial." *Id.* at *2 (citing *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02-CV-9144 (PAC), 2006 WL 988143, at *4 (S.D.N.Y. Apr. 13, 2006)). Here, given that the Court has directed Plaintiff to make Gunter and Frejuste available to be deposed before trial begins, Plaintiff's failure to properly disclose these witnesses is harmless, so long as the witnesses make themselves available for deposition within the time frame set by the Court. *See id.* at *7 (allowing party to call previously undisclosed witness on its direct case provided the witness was made available for deposition prior to trial); *see also L-3 Commc'ns Corp.*, 2006 WL 988143, at *4 (holding that "the failure is 'harmless' so long as [the party seeking to preclude the witness's testimony] is provided an opportunity to depose these witnesses") (quoting Fed. R. Civ. P. 37(c)(1)).

However, even though Plaintiff has failed to provide any justification for her failure to disclose Gunter or Frejuste during discovery and, even if neither witness agrees to be deposed before trial, the Court finds that the appropriate sanction—as previously suggested at the February 26, 2019 pre-trial conference—is to preclude Plaintiff from calling Gunter or Frejuste in her case-in-chief, but to allow her to call either or both as rebuttal witnesses. "Despite the mandatory language of Rule 37(c)(1), the Second Circuit has held that preclusion is a discretionary remedy,

even if 'the trial court finds that there is no substantial justification and the failure to disclose is not harmless.'" *Pal v. N.Y. Univ.*, No. 06-CV-5892 (PAC) (FM), 2008 WL 2627614, at *3 (S.D.N.Y. June 30, 2008) (quoting *Design Strategy. Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006)). "'Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses.'" *Widman v. Stegman*, No. 13-CV-193 (BKS) (DEP), 2015 WL 13832105, at *4 (N.D.N.Y. Apr. 28, 2015) (quoting *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988)); *see also Pal*, 2008 WL 2627614, at *3 ("[T]he preclusion of witness testimony is a harsh sanction that should be imposed with caution.").

"In determining whether evidence should be precluded, a court should consider: (1) the party's explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) the prejudice suffered by the opposing party if the evidence were not precluded, and (4) the possibility of a continuance." *Widman*, 2015 WL 13832105, at *4 (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)). Though Plaintiff has failed to offer a sufficient explanation for the failure to disclose, the Court finds that the other three factors support the Court's determination that Plaintiff may call Gunter and/or Frejuste as rebuttal witnesses. First, the testimony of these witnesses, especially Gunter's testimony, is extremely important to Plaintiff's allegation that she was strip searched, given that Defendants apparently intend to argue that Plaintiff was, in fact, not strip searched. *See Outley*, 837 F.2d at 590–91 ("Not only would [the witnesses's] testimony provide independent evidence in what was otherwise essentially a test of [the plaintiff's] word against the officers (who testified the incident never occurred), but their testimony would also bolster [the plaintiff's] credibility. Because the evidence of these witnesses was so important, only extreme misconduct on the part of the plaintiff or extreme prejudice suffered by the defendants

would justify the extraordinary sanction of preclusion in this case."). Second, given that Defendants are already aware that Plaintiff plans to testify that a strip search did occur, the Court finds that the prejudice from having an additional witness testify to those same facts is minimal. Indeed, Defendants have known from the beginning of this case, based, at least, on the complaint, that Gunter was present for Plaintiff's strip search and that Gunter herself was allegedly subjected to a strip search moments before Plaintiff, such that Gunter's testimony cannot come as a complete surprise to Defendants. Finally, though the Court will not grant a continuance, given the scheduling of this case, Defendants effectively have almost three weeks to prepare for trial with the knowledge that Gunter or Frejuste may be called as rebuttal witnesses.[1]

## CONCLUSION

For the reasons stated above, Defendants' motion *in limine* to preclude testimony from Tameka Gunter or Claude Frejuste is denied, assuming that Defendants are given the opportunity to depose Gunter and Frejuste prior to trial. In the event that Defendants do not have the opportunity to depose Gunter or Frejuste prior to trial, Plaintiff may only call these witnesses in rebuttal.

---

[1] The Court notes that "'[t]here is no rebuttal exception to Rule 26(a)(1).'" *Widman*, 2015 WL 13832105, at *3 (quoting *United States ex rel. Fago v. M&T Mortg. Corp.*, 518 F. Supp. 2d 108, 114 (D.D.C. 2007)) (quotation marks and alterations omitted); *see also Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 74 (E.D.N.Y. 2012) ("Even if the [witnesses] were contacted solely for rebuttal purposes, this does not vitiate defendants' obligation to supplement their Rule 26(a) disclosures by timely informing plaintiffs . . . that they intended to rely on these witnesses."). However, for the reasons described *supra*, the Court finds that limiting Plaintiff's ability to call Gunter or Frejuste, if they do not make themselves available for depositions prior to trial, is the appropriate remedy for Plaintiff's failure to disclose pursuant to Rule 26. The Court also notes that other courts in this Circuit have similarly limited a plaintiff's ability to call witnesses when those witnesses were not properly disclosed under Rule 26. *See Okeke v. N.Y. & Presbyterian Hosp.*, No. 16-CV-570 (CM), 2017 WL 2484200, at *1 (S.D.N.Y. June 6, 2017) (holding that three undisclosed witnesses "will not be permitted to testify except as rebuttal witnesses"); *Bynum*, 2006 WL 6555106, at *7 (holding that if a previously undisclosed witness was not made available for deposition prior to trial, the party would not be able to call the witness "except as a limited rebuttal witness").

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 30, 2019
      Brooklyn, New York