

**JAMES E. JOHNSON**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ELISSA P. FUDIM**
*Senior Counsel*
Phone: (212) 356-2335
Fax: (212) 356-3509
efudim@law.nyc.gov

November 8, 2019

**BY ECF**
The Honorable Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Kendra Harris v. P.O. Lewis, et al.</u>
      16 CV 1214 (PKC) (JO)

Your Honor:

    I write in response to the Court's Order, dated November 8, 2019, directing defendants to set forth why they should be permitted to argue at trial that there was probable cause, or arguable probable cause, to arrest plaintiff for possession of stolen property recovered "from other passengers in the car, but not from Plaintiff herself." <u>See</u> Court's Docket Text from Nov. 8, 2019. To be clear, the stolen property (credit cards, debit cards, check books, and other financial documents) was found not only on other passengers in the vehicle, <u>but also in the common area of the vehicle</u>. As no one in the car took responsibility for the documents, each of the occupants, including plaintiff, was arrested for possession of stolen property under the doctrine of constructive possession. Defendants disclosed to plaintiff's counsel more than three years ago, as part of defendants' initial disclosures, dated August 9, 2016, the documents associated with the possession of stolen property charge: the property vouchers for the stolen property, the itemized list of stolen property which includes notations as to where the items were found, and the photographs of the stolen property. Thus, while the Court has referred to defendants' argument that there was probable cause to arrest plaintiff for possession of stolen property as a "new theory of defense" (<u>see</u> Court's Docket Text dated Nov. 6, 2019), in fact, there is nothing new about this theory.

    Defendants suspect that the Court may not have realized that stolen property was found in the vehicle (as opposed to just on the persons of S.P. and T.G.) because defendants stated in their Statement of Material Facts in Support of Summary Judgment (the "56.1 Statement") that "[t]he officers found a number of fraudulent documents on S.P.'s person as well as in T.G.'s purse." (<u>See</u> D.E. #40, ¶ 12). Upon information and belief, the prior attorney handling this case did not mention in the 56.1 Statement that there was stolen property found in the vehicle because plaintiff previously testified that the stolen property was recovered solely

from S.P. and T.G. - specifically, from their shoes. Thus, prior counsel would have known that any proffered statement that stolen property was found in the vehicle was not undisputed as contemplated by Local Rule 56.1, and that there would have been an issue of material fact precluding summary judgment based on the stolen property.[1] However, to be clear, Officer Steward and Lt. Gebbia have always maintained that there was probable cause to arrest plaintiff for possession of stolen property.[2] Indeed, this is not a Devenpeck argument[3]; plaintiff was arrested for possession of stolen property on the date of the incident, March 28, 2013. In fact, possession of stolen property was her top arrest charge.

As the Court is likely aware, neither Mr. Shah nor I were assigned to this case when the Joint Pre-Trial Order ("JPTO") was prepared. Thus, we cannot say for certain why prior counsel omitted the stolen property documents as exhibits from the JPTO or why she did not reference the stolen property as a basis for defense in the "Claims and Defenses" section of the JPTO. However, those omissions appear to have been an oversight, because the individual defendants have always maintained that the presence of stolen property in the vehicle provided probable cause to arrest plaintiff. Indeed, I have reviewed prior counsel's notes from her initial meetings with defendants in 2016, and those notes clearly reflect that the defendants advised prior counsel of the presence of those stolen financial documents in the vehicle.[4] Likewise, Mr. Shah and I have met with the defendants, and they have consistently maintained that there were stolen (and otherwise fraudulent) financial documents in the vehicle, and that this was one of their bases for arresting plaintiff. Finally, lest there be any doubt, the officers charged plaintiff with possession of stolen property on the date of the incident. Simply put, the individual defendants would be substantially prejudiced if they were now precluded from discussing the stolen property, or otherwise entering such documents into evidence, simply because the documents were inadvertently omitted from the JPTO.

Plaintiff, by contrast, will suffer no prejudice from the inclusion of such evidence. As noted above, plaintiff has known since the night of her arrest that defendants claimed she was in constructive possession of stolen property. Indeed, she was charged with that crime! Moreover, as noted above, on August 9, 2016, the relevant documents were produced to plaintiff with defendant's initial disclosures as documents defendants "may use to support [their] claims or defenses." Thus, plaintiff cannot claim surprise or prejudice from defendants' use of these documents. This is particularly true as plaintiff chose not to depose any of the defendants in this case. Accordingly, defendants submit that they should be permitted to amend the JPTO to assert a defense that there was probable cause to arrest plaintiff based on her constructive possession of

---

[1] By contrast, plaintiff previously testified that S.P. and T.G. were smoking marijuana in the vehicle.

[2] Detective Carpenter played no role in the decision to arrest plaintiff, but instead investigated the financial crimes.

[3] Referring to Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004).

[4] In making only this general statement about the contents of those notes, defendants do not waive either the attorney-client or attorney work product privileges; rather, they are expressly preserved.

- 3 -

stolen property, and to include in the exhibit list those documents relevant to the claim, all of which were produced in discovery.

Finally, although the Court set forth a briefing schedule on this matter, which directed defendants to file this letter by November 13, and plaintiff to respond by November 15, defendants would respectfully request a truncated schedule. Specifically, as we have filed this letter today, November 8 (five days early), we would ask that plaintiff be directed to respond by November 11. This will give the Court more time to review these submissions and perhaps be able to provide the parties with a ruling earlier than the morning of trial. We believe all parties would be better served having a ruling on this issue earlier than the start of trial, if possible.

We thank you for your consideration.

Respectfully submitted,

*[signature]*

Elissa P. Fudim
Senior Counsel
Special Federal Litigation Division